**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

TRAI NGOC NGUYEN,

       *Plaintiff,*

v.

D.S. ERICKSON & ASSOCIATES, PLLC,

       *Defendant.*

**Civil Action No. 25-3339**

**EXHIBIT TO VERIFIED COMPLAINT**

**MASTER EXHIBIT INDEX[1]**

Exhibit A: *Minnesota Secretary of State Business Records.*

Exhibit B: *State Court Record.*

Exhibit C: *D.S. Erickson Website.*

Exhibit D: *Emails.*

Exhibit E: *Proposed Stipulation for Dismissal.*

---

[1] For page numbers in PDF documents, please follow any bookmarks or live links underlined in blue.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

TRAI NGOC NGUYEN,

     *Plaintiff*,

v.

D.S. ERICKSON & ASSOCIATES, PLLC,

     *Defendant.*

**Civil Action No. 25-3339**

**EXHIBIT TO VERIFIED COMPLAINT**

---

# EXHIBIT A



**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

TRAI NGOC NGUYEN,

       *Plaintiff*,

v.

D.S. ERICKSON & ASSOCIATES, PLLC,

       *Defendant.*

**Civil Action No. 25-3339**

**<u>EXHIBIT TO VERIFIED COMPLAINT</u>**

---

# EXHIBIT B

RETURN TO CASE SEARCH › CASE SEARCH RESULTS › CASE DETAILS 62-CV-24-5313

## Case Details (Register of Actions)  🖨 Print

**Upcoming Hearing:**
Hearing on 01/05/2026 at 2:30 PM

### Case Information

Case Number: 62-CV-24-5313
Case Title: Fairview Health Services vs Trai Ngoc Nguyen
Case Type: Consumer Credit Contract
Date Filed: 08/30/2024
Case Location: Ramsey County, Ramsey Civil
Case Status: Open

Jump To Section ⌄

### Party Information

**Plaintiff**
Fairview Health Services
Minneapolis, MN 55402

**Attorneys Active**
- HANSON, GREGORY ERIC - Lead Attorney
- ERICKSON, DALE SCOTT
- HENKEL, TIMOTHY JAMES
- VENJOHN, CHRISTOPHER MATTHEW

**Defendant**
Nguyen, Trai Ngoc
Shoreview, MN 55126-4791

**Self-Represented Litigant**

Jump To Section ⌄

### Case Assignments

Current Case Assignment
Date of Assignment: 09/04/2024

Prior Case Assignment
Judicial Assignment: Ireland, Mark
Date of Assignment: 08/30/2024
Reassignment Reason: Unassigned

Jump To Section ⌄

### Case Events

| Date | Event | |
|---|---|---|
| 08/13/2025 | Notice of Remote Hearing with Instructions<br>Index #15 | ⬇ Download PDF ⎙<br>2 pages |
| 07/21/2025 | Hearing Held Remote | |
| 05/23/2025 | Affidavit of Service<br>Index #14 | ⬇ Download PDF ⎙<br>2 pages |
| 05/23/2025 | Answer<br>Index #13 | ⬇ Download PDF ⎙<br>3 pages |
| 04/28/2025 | Hearing Held Remote | |
| 03/28/2025 | Affidavit of Mailing<br>Index #12 | ⬇ Download PDF ⎙<br>1 page |
| 03/28/2025 | Proposed Order or Document<br>Index #11 | ⬇ Download PDF ⎙<br>1 page |
| 03/28/2025 | Affidavit-Other<br>Index #10 | ⬇ Download PDF ⎙<br>1 page |
| 03/28/2025 | Affidavit of Plaintiff<br>Index #9 | ⬇ Download PDF ⎙<br>10 pages |
| 03/28/2025 | Memorandum<br>Index #8 | ⬇ Download PDF ⎙<br>7 pages |
| 03/28/2025 | Motion for Summary Judgment<br>Index #7 | ⬇ Download PDF ⎙<br>1 page |
| 12/26/2024 | Notice of Remote Hearing with Instructions<br>Index #6 | ⬇ Download PDF ⎙<br>2 pages |
| 12/23/2024 | Hearing Held Remote | |
| 09/04/2024 | Notice of Remote Hearing with Instructions<br>Index #5 | ⬇ Download PDF ⎙<br>2 pages |
| 09/04/2024 | Order-Other<br>Judicial Officer: Guthmann, John H.<br>Index #4 | ⬇ Download PDF ⎙<br>4 pages |
| 08/30/2024 | Affidavit of Service<br>Index #3 | ⬇ Download PDF ⎙<br>1 page |
| 08/30/2024 | Summons and Complaint<br>Index #2 | ⬇ Download PDF ⎙<br>4 pages |
| 08/30/2024 | Civil Cover Sheet<br>Index #1 | ⬇ Download PDF ⎙<br>4 pages |

Jump To Section ⌄

### Hearings

**Upcoming Hearings**

| 01/05/2026 | 02:30 PM | Hearing<br>Judicial Officer: Sheu, Edward<br>Location: Zoom | |
|---|---|---|---|

**Previous Hearings**

| 07/21/2025 | 03:30 PM | Hearing<br>Judicial Officer: Aligada, Reynaldo, Jr.<br>Location: Zoom | Result: Held Off the Record |
|---|---|---|---|
| 04/28/2025 | 02:30 PM | Motion Summary Judgment<br>Judicial Officer: Castro, Leonardo<br>Location: Zoom | Result: Held On the Record |
| 12/23/2024 | 02:30 PM | Hearing<br>Judicial Officer: Deery Stennes, Stacy<br>Location: Zoom | Result: Held On the Record |

Jump To Section ⌄

### Financial Information

**Plaintiff - Fairview Health Services**

| | Fines and Fees | $ | 375.00 |
|---|---|---|---|
| | Total Payments and Credits | - $ | 375.00 |
| | Current Balance as of 08/21/2025 | $ | 0.00 |

Transaction Details

| 03/31/2025 | E-File Electronic Payment | Receipt # EP62C-2025-03648 | - $ | 75.00 |
|---|---|---|---|---|
| 03/31/2025 | Charge | | $ | 75.00 |
| 09/03/2024 | E-File Electronic Payment | Receipt # EP62C-2024-08659 | - $ | 300.00 |
| 09/03/2024 | Charge | | $ | 300.00 |

**Defendant - Nguyen, Trai Ngoc**

| | Fines and Fees | $ | 400.00 |
|---|---|---|---|
| | Total Payments and Credits | - $ | 400.00 |
| | Current Balance as of 08/21/2025 | $ | 0.00 |

Transaction Details

| 05/23/2025 | E-File Electronic Payment | Receipt # EP62C-2025-06444 | - $ | 400.00 |
|---|---|---|---|---|
| 05/23/2025 | Charge | | $ | 400.00 |

Jump To Section ⌄

Disclaimer | Privacy Policy | Site Map

Copyright © 2020 - 2025 by Minnesota State Court Administrator's Office. All Rights Reserved.

By using our site, you agree that you have read and accept our MCRO Terms and Conditions.

Version: 1.5.6.0

**STATE OF MINNESOTA**

**COUNTY OF RAMSEY**

**DISTRICT COURT**

**SECOND JUDICIAL DISTRICT**

Court File No.:
Case Type: Consumer Credit Contract

Fairview Health Services
Plaintiff

vs

Trai Ngoc Nguyen
Defendant(s)

Date Case Filed:

**Civil Cover Sheet**
**(Non-Family Case Type)**
Minn. R. Gen. Prac. 104

This civil cover sheet must be filed by the initial filing lawyer or party, if unrepresented by legal counsel, unless the court orders all parties or their legal counsel to complete this form. Once the initial civil cover sheet is filed, opposing lawyers or unrepresented parties who have not already been ordered to complete this form may submit their own cover sheet within ten days after being served with the initial cover sheet. See Rule 104 of the General Rules of Practice for the District Courts.

**If information is not known to the filing party at the time of filing, it shall be provided to the Court Administrator in writing by the filing party within seven (7) days of learning the information.** Any party impleading additional parties shall provide the same information to the Court Administrator. The Court Administrator shall, upon receipt of the completed certificate, notify all parties or their lawyers, if represented by counsel, of the date of filing the action and the file number assigned.

ATTORNEY FOR PLAINTIFF

ATTORNEY FOR DEFENDANT(S)

Gregory E. Hanson
Attorney Name

Attorney Name

7650 Edinborough Way, Suite 500
Postal Address

Postal Address

Edina            Minnesota  55435
City          State     Zip Code

City          State     Zip Code

(612) 333-7600
Telephone Number

(     )
Telephone Number

A-6

E-mail address

#0395404
Minnesota Attorney License No.

PLAINTIFF, Self-represented

Name

Postal Address

City          State      Zip Code

(    )
Telephone Number

E-mail address


E-mail address

Minnesota Attorney License No.

DEFENDANT(S), Self-represented

Trai Ngoc Nguyen
Name

5586 Cottonwood Crt
Postal Address

Shoreview, MN 55126-4791
City          State      Zip Code

(    )
Telephone Number

E-mail address

(Attach addition sheet for additional attorneys / parties)

Note:  If either Plaintiff or Defendant gets an attorney, the attorney's name, address, telephone number and attorney ID number must be given in writing to the Court Administrator immediately.

1.      Provide a concise statement of the case including facts and legal basis:
Plaintiff provided Defendant with valuable health care goods and services, and Defendant has failed to pay for said goods and services.  This case does not involve an assigned debt.  Any conclusion as to the anticipated motion practice is premature at this time.


2.      Date Complaint was served: August 21, 2024

3.      For Expedited Litigation Track (ELT) Pilot Courts only:

       a. ☐ the parties jointly and voluntarily agree that this case shall be governed by the Special
          Rules for ELT Pilot.  Date of agreement: _____NA_____

b.  ☐ The court is requested to consider excluding this case from ELT for the following

reasons:_____NA_____

Note:  ELT is mandatory in certain cases, and where mandatory, exclusion may also be

sought by timely motion under the Special Rules for ELT Pilot.

c.  Anticipated number of trial witnesses: _____3_____

d.  Amount of medical expenses to date: _____NA_____

e.  Amount of lost wages to date: _____NA_____

f.  Identify any known subrogation interests: _____NA_____

4.  Estimated discovery completion within _____6_____ months from the date of this form.

5.  Disclosure / discovery of electronically stored information discussed with other party?

   ■  No      ☐  Yes, date of discussion: _____

   If Yes, list agreements, plans, and disputes: _____

6.  Proposed trial start date: _____May 30, 2025_____

7.  Estimated trial time: _1/2___ days _____ hours (estimates less than a day must be

stated in hours).

8.  Jury trial is:

   ■  waived by consent of _Plaintiff_____ pursuant to Minn. R. Civ. P. 38.02.
                         (specify party)

   ☐  requested by _____ (NOTE: Applicable fee must be enclosed)
                    (specify party)

9.  Physical/mental/blood examination pursuant to Minn. R. Civ. P. 35 is requested:

   ☐  Yes      ■  No

10.  Identify any party or witness who will require interpreter services, and describe the services

needed (specifying language, and if known, particular dialect): _____

_____None_____

11.  Issues in dispute: Breach of contract for non-payment of healthcare goods and services.

12.  Case Type / Category: Consumer Credit Contract____ (NOTE:  select case type from Form

23, Subject Matter Index for Civil Cases, appended to the Minnesota Rules of Civil Procedure).

13.  Recommended Alternative Dispute Resolution (ADR) mechanism: _____

(See list of ADR processes set forth in Minn. Gen. R. Prac. 114.02(a))

Recommended ADR provider (known as a "neutral"): _____

Recommended ADR completion date: _____

    If applicable, reasons why ADR not appropriate for this case: Pursuant to Minn. R. Gen.

P. 111.01 and 114.01 this case is not subject to the ADR process.


By signing below, the attorney or party submitting this form certifies that the above information

is true and correct.

Submitted by: _____

Attorney License: #0395404 _____

Firm:  D. S. Erickson & Associates, PLLC _____

Address: 7650 Edinborough Way, Suite 500 _____

Edina, MN 55435 _____

Telephone:    (612)-333-7600 _____

Date: August 30, 2024 _____

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF RAMSEY                            SECOND JUDICIAL DISTRICT

---

FAIRVIEW HEALTH SERVICES,

                         Plaintiff,

v.                                                      **Summons**

TRAI NGOC NGUYEN
5586 COTTONWOOD CRT

SHOREVIEW MN 55126-4791,
                         Defendant(s)

---

THIS SUMMONS IS DIRECTED TO: Defendant(s) named above.

   1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's

Complaint against you is attached to this summons. Do not throw these papers away. They are

official papers that affect your rights. You must respond to this lawsuit even though it may not yet

be filed with the Court and there may be no court file number on this Summons.

   2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.**

You must give or mail to the person who signed this summons **a written response** called an Answer

within 21 days of the date on which you received this Summons. You must send a copy of your

Answer to the person who signed this summons located at: 7650 Edinborough Way, Suite 500,

Edina, MN 55435.

   3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to

the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with

each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked

for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: August 16, 2024

Firm File Number: 4208778

D.S. Erickson & Associates, PLLC

D. Scott Erickson (#0282212)
Timothy J. Henkel (#0389403)
Gregory E. Hanson (#0395404)
Christopher M. Venjohn (#0400707)
7650 Edinborough Way, Suite 500
Edina, MN 55435
(612) 333-7600
Attorneys for Plaintiff

STATE OF MINNESOTA

DISTRICT COURT

COUNTY OF RAMSEY

SECOND JUDICIAL DISTRICT

FAIRVIEW HEALTH SERVICES,
                              Plaintiff,

v.

**Complaint**

TRAI NGOC NGUYEN
5586 COTTONWOOD CRT

SHOREVIEW MN 55126-4791,
                              Defendant(s).

The Plaintiff, for its claims against the above-named Defendant(s), complains and alleges as follows:

1.  This suit has been authorized and certified by FAIRVIEW HEALTH SERVICES in accordance
    with Minn. Stat. 144.588 subd. 1; attached as Exhibit A is a copy of the Affidavit of Expert
    Review.

**Claim I**
**Breach of Contract**

2.  Defendant received valuable health care goods and services from Plaintiff.

3.  Defendant is in breach of a contract for health care goods and services provided to
    Defendant on account for the date(s) of service detailed on Exhibit A in the amount of $4,790.85
    for not having  paid Plaintiff for the health care goods and services provided to Defendant.

**Claim II**
**Unjust Enrichment**

4.  Plaintiff incorporates each and every allegation contained in Paragraphs 1-3, inclusive,
    with the same force and effect as if fully set forth herein.

5.  Plaintiff incurred time and resource expenses in rendering health care goods and
    services to Defendant and Defendant accepted and received the goods and services.

6.  Defendant's receipt of health care goods and services and its non-payment thereof

62-CV-24-5313

Filed in District Court
State of Minnesota
8/30/2024 4:01 PM

results in Defendant's unjust enrichment. Plaintiff is therefore entitled to receive payment of the value of the benefit received by Defendant in the amount of $4,790.85

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $4,843.85 which includes the cost of personal service of process ($53.00) in this lawsuit, and any other costs or disbursements herein as the Court deems appropriate.

Dated: August 16, 2024

D. S. Erickson & Associates, PLLC

D. Scott Erickson (#0282212)
Timothy J. Henkel (#0389403)
Gregory E. Hanson (#0395404)
Christopher M. Venjohn (#0400707)
7650 Edinborough Way, Suite 500
Edina, MN 55435
(612) 333-7600
Attorneys for Plaintiff

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. 549.211 subdivision 2, to the party against whom the allegations in this pleading are asserted.

Dated:  August 16, 2024

D.S. Erickson & Associates, PLLC

D. Scott Erickson (#0282212)
Timothy J. Henkel (#0389403)
Gregory E. Hanson (#0395404)
Christopher M. Venjohn (#0400707)
7650 Edinborough Way, Suite 500
Edina, MN 55435
(612) 333-7600
Attorneys for Plaintiff

Filed in District Court
State of Minnesota
8/30/2024 4:01 PM

# Exhibit A

# D.S. ERICKSON & ASSOCIATES, PLLC
## ATTORNEYS AT LAW
### 7650 Edinborough Way, Suite 500, Edina, MN 55435
### Phone: 612-333-7600 Fax: 612-333-7611 Toll Free: 866-478-7611

**Firm File No.: 4208778 - VM**                                    **August 06, 2024**

### District Court
### Affidavit of Expert Review-Lawsuit Authorization

D.S. Erickson & Associates, PLLC ("Law Firm") represents Fairview Health Services ("Fairview") directly. Law Firm received a file, previously reviewed by Fairview prior to Law Firm receiving the file, and Law Firm now intends to bring a medical debt collection lawsuit with regard to TRAI NGOC   NGUYEN ("Patient/Guarantor(s)") for a total of $4790.85. Law Firm represents that:

- Neither Patient/Guarantor(s) nor Patient's/Guarantor's attorney has responded to Law Firm and resolved this matter; however, any such response will be made known to Fairview or, in the alternative, any such response will be resolved by Law Firm or Fairview.

- Law Firm has not received any new information suggesting that Patient/Guarantor(s) may be eligible for charity care, however; any such information learned subsequent to this request will be properly acted upon by Law Firm, including the placement of a hold on the case for charity care submission by Patient/Guarantor(s) and review by Fairview.

- Neither Patient/Guarantor(s) nor Patient's/Guarantor's attorney has provided any new information suggesting that a third-party is obligated to pay the amounts due and owing relating to the case, or indicated that Patient/Guarantor needs documentation concerning the medical debt that has not already been provided, however; any such information learned subsequent to this request will be properly acted upon by Law Firm, including the placement of a hold on the case for review and the sending of documentation to Patient/Guarantor.

Law Firm requests the authorization and permission of Fairview Health Services to initiate suit and pursue a default judgment (if appropriate) in this case regarding patient/guarantor accounts listed below. Law Firm will proceed accordingly unless Patient/Guarantor answers the complaint, it is believed that Patient/Guarantor may not have received the summons and complaint, or if it is discovered that Patient/Guarantor is sick, disabled, infirm or elderly so as to potentially render Patient/Guarantor unable to answer the complaint. Law Firm is under a continuing duty to work with Fairview and Patient/Guarantor(s) under the terms of Fairview's agreement with the Minnesota Attorney General.

Law Firm has not been given any blanket authorization to take legal action. Fairview has reviewed the above accounts and certifies that: 1) unless the patient/guarantor declined to participate, Fairview complied with the requirements in Minn. Stat. 144.587 or, if the service was provided before November 1, 2023, the requirements of Minn. Stat. 144.587 were not yet in effect; 2) there is a reasonable basis to believe that the patient/guarantor owes the debt; 3) all known third-party payors have been properly billed by Fairview, such that any remaining debt is the financial responsibility of the patient/guarantor, and Fairview will not bill the patient/guarantor for any amount that an insurance company is obligated to pay; 4) the patient/guarantor has been given a reasonable opportunity to apply for charity care, if the facts and circumstances suggest that the patient/guarantor may be eligible for charity care; 5) where the patient/guarantor has indicated an inability to pay the full amount of the debt in one payment and provided reasonable verification of the inability to pay the full amount of the debt in one payment if requested by Fairview, Fairview has offered the patient/guarantor a reasonable payment plan; 6) there is no reasonable basis to believe that the patient's or guarantor's wages or funds at a financial institution are likely to be exempt from garnishment, and; 7) in the event the case is pursued as a default judgment proceeding, there is not a reasonable basis to believe at this time: (i) that the patient/guarantor may

**Page 1 of 2**

already consider that the patient/guarantor has adequately answered the complaint by calling or writing to Fairview, its debt collection agency, or its attorney; (ii) that the patient/guarantor is potentially unable to answer the complaint due to age, disability, or medical condition; or (iii) the patient/guarantor may not have received service of the complaint. Should Fairview and/or the Law Firm become aware that any of the above circumstances exist, the lawsuit will be dismissed or delayed prior to obtaining a judgment. Accordingly, Fairview has authorized that litigation is appropriate as to the account(s) below.

| Client Account No. | Date of Service | Account Balance | Guarantor No. |
|---|---|---|---|
| | 11/14/22 | $3,511.97 | |
| | 11/14/22 | $655.09 | |
| | 11/14/22 | $623.79 | |

STATE OF MINNESOTA    )

              )ss

COUNTY OF RAMSEY    )

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.

_____
Reviewer Signature
Reviewer Title: Manager

08.07.2024
_____
Date

Page 2 of 2

A-16

# Affidavit of Usual Abode Service

STATE OF MINNESOTA    )
                                          )SS
COUNTY OF MCLEOD    )

I, Nora H. Christensen, being duly sworn state that on the 21st of August 2024, I served a summons and complaint upon Trai Ngoc Nguyen, at his or her "usual abode", which is 5586 Cottonwood Court. City of Shoreview, County of Ramsey, State of Minnesota, by handing to and leaving with an individual by the name of Dale G. Pearson, a person of suitable age and discretion residing there in, a true and correct copy thereto.

Nora H. Christensen

Sworn and affirmed before me this

__23__ day of __August__, 2024

Notary Public

CRYSTAL L. ROBINSON
Notary Public-Minnesota
My Commission Expires Jan. 31, 2026

STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF RAMSEY                         SECOND JUDICIAL DISTRICT

---

**STANDING ORDER FOR CONSUMER CREDIT CASE TYPES**

---

The Second Judicial District desires to improve the process related to consumer credit contract cases and seeks to achieve settlement, dispositive motion, or trial within 180 days of filing, while limiting the number of court hearings to one disposition hearing, unless a case management conference is necessary.

Accordingly, it is HEREBY ORDERED that:

1. After a consumer credit contract case is filed, it shall be assigned to a special term calendar within 30 days. The special term calendar hearing shall be scheduled no earlier than 60 days and no later than 120 days from the date of filing.

2. Court Administration shall transmit this Standing Order to the parties together with the notice of hearing.

3. The court will establish a biweekly half-day consumer credit calendar for a special term date before a District Court Judge. The calendar will include all motion hearings as described below.

4. Court Administration shall confirm that the following case types are used for consumer credit contract cases: Consumer Credit Contract or Default Judgment.

   a. When filing either of these case types, the filing party must comply with paragraph 5 of this Standing Order.

    b. If the filing party uses case type Default Judgment, Court Administration shall confirm that the filing party has complied with paragraph 7 of this Standing Order.

    c. If the filing party uses case type Default Judgment for a matter seeking judgment renewal, Court Administration shall confirm that the filing party has complied with paragraph 10 of this Standing Order.

    d. Cases with the case type Default Judgment or Default Judgment seeking judgment renewal shall be forwarded to a civil signing judge and not placed on the special term calendar.

5. A party filing a consumer credit contract case shall file a civil cover sheet. Any other party may file a supplemental civil cover sheet within ten days of service of the filing party's civil cover sheet. *See* Form CIV117 promulgated by the State Court Administrator. All civil cover sheets shall include:

    a. In paragraph 1: a concise statement of the case including

        i. Whether the case involves an assigned debt.

        ii. Whether the anticipated motion practice is for default judgment, judgment on the pleadings, or summary judgment.

    b. In paragraph 4: any need for abbreviated discovery.

    c. In paragraph 6: if a trial is necessary, a proposed schedule for the filing of all trial documents, including witness and exhibit lists and a request for a trial date no later than 180 days from the date of filing.

    d. In paragraph 13: the prospects for settlement via mediation, arbitration, court-conducted settlement conference, or other forms of alternative dispute resolution (ADR).

6. An assigned debt is defined as a debt transferred from an original creditor or obligee to a successor in interest only after default.

7. Where a party is seeking judgment by default against a consumer:

    a. The filing party shall use the case type Default Judgment.

    b. If the case involves an assigned debt, as defined above, that party shall possess and present to the court the documentation required under

1

Minn. Stat. § 548.101 along with affidavits of no answer and service, and any other admissible evidence that supports the entry of default judgment.

c. If not an assigned debt, that party shall possess and present to the court affidavits of no answer and service, and any other admissible evidence that supports the entry of default judgment.

d. A motion for default judgment can be granted by a judge or court administrator without need for a hearing.

e. A case that is filed as an administrative default judgment, with the corresponding case type, and involves an assigned debt, must also meet the requirements of paragraph 7b of this Standing Order.

8. When a party seeks judgment on the pleadings against a consumer, that party shall possess and present to the court as an exhibit a copy of the defendant's answer, or correspondence that may be construed as an answer, admitting sufficient allegations pled in the complaint to find in the party's favor.

9. When a party seeks summary judgment against a consumer, that party shall possess and present to the court an affidavit from the plaintiff offering:

a. A copy of the written contract between the debtor and original creditor or, if no written contract exists, other admissible evidence establishing the terms of the account relationship between the debtor and the original creditor;

b. Admissible evidence establishing that the defendant owes the debt;

c. Admissible evidence establishing that the amount claimed to be owed is accurate, including the balance owed at the time the debt was charged off; and

d. If the case involves an assigned debt, admissible evidence establishing a valid and complete chain of assignment of the debt from the original creditor to the party requesting judgment, including documentation or a bill of sale evidencing the assignment with evidence that the particular

2

debt at issue was included in the assignment referenced in the documentation or bill of sale.

10. When a filing party seeks to renew a judgment, and serves the judgment debtor(s) before expiration of the prior judgment, and the prior judgment was based on a consumer credit contract:

    a. The filing party shall use the case type Default Judgment;

    b. The filing party shall provide a civil cover sheet, stating in paragraph 1 a concise statement of the case including:

        i. That the prior judgment involved a consumer credit contract;

        ii. That the prior judgment was not paid.

11. If either plaintiff, defendant, or counsel for any party fails to appear at the special term calendar hearing, the District Court Judge may make such orders with regard to that failure to appear, including the entry of judgment against the non-appearing party, as a sanction under Minn. R. Civ. P. 16.06. An order entering judgment for failure to appear will be stayed for a period of 30 days. The party against whom judgment is entered may request reconsideration in a letter complying with Minn. R. Gen. Prac. 115.11, detailing the circumstances justifying reconsideration, which must be filed and served prior to the end of the stay.

12. In the event the matter proceeds to trial, the District Court Judge assigned to the special term calendar is assigned to the matter as the trial judge.

13. This Order supersedes all previous standing or administrative orders related to consumer credit cases.

Adopted: May 14, 2019.

_____

The Honorable John H. Guthmann
Chief Judge of the Second Judicial District

State of Minnesota
Ramsey County

District Court
Second Judicial District
Court File Number: 62-CV-24-5313
Case Type: Consumer Credit Contract

## Notice of Remote Zoom Hearing

**File**

---

Fairview Health Services vs Trai Ngoc Nguyen

You are notified this matter is set for a remote hearing. This hearing will not be in person at the courthouse.

| Hearing Information |
|---|
| **December 23, 2024** |
| **Hearing** |
| **2:30 PM** |

**The hearing will be held via Zoom and appearance shall be by video and audio unless otherwise directed** with Judicial OfficerMark Ireland, Ramsey County District Court.

The Minnesota Judicial Branch uses strict security controls for all remote technology when conducting remote hearings. To participate in Remote Hearings, you must have access to a device with Internet, a video camera, and speakers. You can participate from your phone or personal computer. **If you do not have access to technology you can contact Court Administration at (651) 266-8253 to explore in-person hearing options or we can help connect you with community resources that can provide you with the technology necessary to participate in a remote hearing.** Please check on-line for a list of community resources: https://www.mncourts.gov/mncourtsgov/media/second_district/documents/Resources-for-remote-participation-and-viewing-of-court-hearings.pdf

**You must:**
- Notify the court if your address, email, or phone number changes.
- Be fully prepared for the remote hearing. If you have exhibits you want the court to see, you must give them to the court five (5) days before the hearing. Pursuant to the Second Judicial District Standing Order Re: Transcripts of Recorded Evidence dated January 15, 2020, a party intending to introduce a recorded statement (video and/or audio) must file a verbatim transcript of the recorded statement in all non-criminal matters.  Failure to comply with these requirements may result in exclusion of the exhibit or recorded statement at trial.  A copy of the exhibit submission process along with the standing order re: transcripts of recorded evidence has been attached for convenience.  Visit www.mncourts.gov/Remote-Hearings for more information and options for joining remote hearings, including how to submit exhibits.

**To join by web browser:**
1. Type https://zoomgov.com/join in your browser's address bar.
2. Enter the **Meeting ID:** 161 975 1505
3. If asked, enter the **Meeting Password:** 377446

4. Update your name by clicking on your profile picture. If you are representing a party, add your role to your name, for example, John Smith, Attorney for Defendant.
5. Click the **Join Audio** icon in the lower left-hand corner of your screen.
6. Click **Share Video**.

**To join by telephone:**
Be sure you know how to mute your phone when you are not speaking and unmute it again to speak.
1. Call: (833) 568-8864
2. Meeting ID: 161 975 1505
3. Meeting Password: 377446

Dated: September 4, 2024                    Michael Upton
                                           Ramsey County Court Administrator
                                           651-266-8253

cc:

Please see the court website for additional information and assistance please see the court website: https://www.mncourts.gov/Remote-Hearings.aspx or log on to https://zoom.us/resources to learn how to use Zoom technology.

For additional information, or if you need assistance in finding a place with a reliable internet connection and a device that will allow you to attend the Zoom Hearing, please contact us at 651-266-8253.

**Court Procedures During Zoom Hearings**
A Zoom Hearing is the same as a courtroom hearing. You must act in a Zoom Hearing as you would if you were appearing before a judge in the courthouse. Be on time. Dress appropriately. Find a quiet place for the hearing with a good internet connection. Don't do other things while you are in the Zoom Hearing. Mute yourself when you are not speaking.  Follow the court's rules and directions.  The judge and participants will need to see and hear you during the Zoom Hearing. This will also allow you to see and hear everything that happens in the Zoom Hearing. If you cannot access a Zoom Hearing with a device that has a camera and audio, you may call into the Zoom Hearing with a phone.  Please see the court website for additional information and assistance please see the court website: https://www.mncourts.gov/mncourtsgov/media/second_district/documents/Resources-for-remote-participation-and-viewing-of-court-hearings.pdf

Filed in District Court
State of Minnesota
12/26/2024 3:22 PM

State of Minnesota

Ramsey County

District Court

Second Judicial District

Court File Number:  62-CV-24-5313

Case Type: Consumer Credit Contract

## Notice of Remote Zoom Hearing

**FILE COPY**

---

Fairview Health Services vs Trai Ngoc Nguyen

You are notified this matter is set for a remote hearing. This hearing will not be in person at the courthouse.

| Hearing Information |
|---|
| **April 28, 2025** |
| **Hearing** |
| **2:30 PM** |

**The hearing will be held via Zoom and appearance shall be by video and audio unless otherwise directed** with Judicial OfficerLeonardo Castro, Ramsey County District Court.

The Minnesota Judicial Branch uses strict security controls for all remote technology when conducting remote hearings. To participate in Remote Hearings, you must have access to a device with Internet, a video camera, and speakers. You can participate from your phone or personal computer. **If you do not have access to technology you can contact Court Administration at (651) 266-8253 to explore in-person hearing options or we can help connect you with community resources that can provide you with the technology necessary to participate in a remote hearing.** Please check on-line for a list of community resources: https://www.mncourts.gov/mncourtsgov/media/second_district/documents/Resources-for-remote-participation-and-viewing-of-court-hearings.pdf

**You must:**
- Notify the court if your address, email, or phone number changes.
- Be fully prepared for the remote hearing. If you have exhibits you want the court to see, you must give them to the court five (5) days before the hearing. Pursuant to the Second Judicial District Standing Order Re: Transcripts of Recorded Evidence dated January 15, 2020, a party intending to introduce a recorded statement (video and/or audio) must file a verbatim transcript of the recorded statement in all non-criminal matters.  Failure to comply with these requirements may result in exclusion of the exhibit or recorded statement at trial.  A copy of the exhibit submission process along with the standing order re: transcripts of recorded evidence has been attached for convenience.  Visit www.mncourts.gov/Remote-Hearings for more information and options for joining remote hearings, including how to submit exhibits.

**To join by web browser:**
1. Type https://zoomgov.com/join in your browser's address bar.
2. Enter the **Meeting ID:** 160 092 2457
3. If asked, enter the **Meeting Password:** 820723
4. Update your name by clicking on your profile picture. If you are representing a party, add your role to your name, for example, John Smith, Attorney for Defendant.

5. Click the **Join Audio** icon in the lower left-hand corner of your screen.
6. Click **Share Video**.

**To join by telephone:**
Be sure you know how to mute your phone when you are not speaking and unmute it again to speak.
1. Call: (833) 568-8864
2. Meeting ID: 160 092 2457
3. Meeting Password: 820723

Dated: December 26, 2024                Michael Upton
                                        Ramsey County Court Administrator
                                        651-266-8253

cc:    Trai Ngoc Nguyen

Please see the court website for additional information and assistance please see the court website:
https://www.mncourts.gov/Remote-Hearings.aspx or log on to https://zoom.us/resources to learn how to use Zoom technology.

For additional information, or if you need assistance in finding a place with a reliable internet connection and a device that will allow you to attend the Zoom Hearing, please contact us at 651-266-8253.

**Court Procedures During Zoom Hearings**
A Zoom Hearing is the same as a courtroom hearing. You must act in a Zoom Hearing as you would if you were appearing before a judge in the courthouse. Be on time. Dress appropriately. Find a quiet place for the hearing with a good internet connection. Don't do other things while you are in the Zoom Hearing. Mute yourself when you are not speaking.  Follow the court's rules and directions.  The judge and participants will need to see and hear you during the Zoom Hearing. This will also allow you to see and hear everything that happens in the Zoom Hearing. If you cannot access a Zoom Hearing with a device that has a camera and audio, you may call into the Zoom Hearing with a phone.  Please see the court website for additional information and assistance please see the court website:
https://www.mncourts.gov/mncourtsgov/media/second_district/documents/Resources-for-remote-participation-and-viewing-of-court-hearings.pdf

2nd District Local Form                                        Revised 05/21/2021

62-CV-24-5313

Filed in District Court
State of Minnesota
3/28/2025 2:41 PM

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

---

Fairview Health Services,

Plaintiff,

v.

Trai Ngoc Nguyen,

Defendant.

Court File No.: 62-CV-24-5313
Case Type: Consumer Credit Contract
Judge: Leonardo Castro

**PLAINTIFF'S NOTICE OF
MOTION AND MOTION FOR
SUMMARY JUDGMENT**

---

TO:   Defendant, Trai Ngoc Nguyen, 5586 Cottonwood Court, Shoreview, MN 55126.

PLEASE TAKE NOTICE that the above-named Plaintiff will bring the following Motion on hearing in front of the Honorable Leonardo Castro in Ramsey County District Court, on Monday, April 28, 2025, at 2:30 p.m., via Zoom with following Zoom login information:

Meeting ID: 160 092 2457
Passcode: 820723

**MOTION**

1.   For an Order awarding Summary Judgment in favor of the Plaintiff and against Defendant for the relief demanded in Plaintiff's Complaint.  Plaintiff seeks judgment in the amount of $4,790.85; plus Plaintiff's cost of filings ($300.00, $75.00, $10.00); plus Plaintiff's reasonable disbursements incurred, including cost of service, pursuant to Minn. Stat. § 549.04 ($53.00) resulting in a judgment in the amount of $5,228.85.

Dated: March 28, 2025

D.S. Erickson & Associates, PLLC

Gregory E. Hanson (#0395404)
Christopher M. Venjohn (#400707)
7650 Edinborough Way, Suite 500
Edina, MN 55435
(612) 333-7600
Attorneys for Plaintiff

The undersigned hereby acknowledges
that sanctions may be imposed
under Minn. Stat. § 549.211.

Christopher M. Venjohn

A-26

62-CV-24-5313

Filed in District Court
State of Minnesota
3/28/2025 2:41 PM

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

| | |
|---|---|
| Fairview Health Services,<br><br>                    Plaintiff,<br><br>v.<br><br>Trai Ngoc Nguyen,<br><br>                  Defendant. | Court File No.: 62-CV-24-5313<br>Case Type: Consumer Credit Contract<br>Judge: Leonardo Castro<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Fairview Health Services (hereinafter "Plaintiff") submits this Memorandum of Law in Support of its Motion for Summary Judgment against Trai Ngoc Nguyen (hereinafter "Defendant").

## FACTS

Defendant's minor child received health care goods and services on or about November 14, 2022, through November 16, 2022, on account; (hereinafter "Account"); and a principal amount is due and owing on the Account totaling $4,790.85. Ex. A[1]; Sahni Aff. ¶ 2. Defendant signed a General Consent for Service form (hereinafter "Contract"), contractually obligating Defendant to pay for the health care goods and services provided by Plaintiff to Defendant's minor child that were not paid for by a third-party payer, e.g., a health insurance provider. Ex. B; Sahni Aff. ¶ 7.

Defendant's minor child had health insurance coverage during the dates of service; the health insurance provider made payments and/or adjustments; and no future payments and/or adjustments by the health insurance provider are expected. Sahni Aff. ¶ 8. The coordination of

---

[1] All Exhibits are attached to the affidavit of Manish Sahni unless otherwise indicated.

Filed in District Court
State of Minnesota
3/28/2025 2:41 PM

benefits, appeals, or any inquiries of claims denied by the health insurance provider, or any other third-party payer, covering Defendant's minor child is the responsibility of Defendant. Sahni Aff. ¶ 9. Defendant has made no payments towards the Account, and no future payments from Defendant are expected. Ex. A; Sahni Aff. ¶ 10.

As a consequence of the foregoing, there is now a principal balance due of $4,790.85, which Plaintiff has declared as due and owing. Sahni Aff. ¶¶ 2, 14. Defendant's minor child has made use of the health care goods and services provided by Plaintiff, but Defendant has failed to pay the outstanding amount, despite a demand for payment having been made. Sahni Aff. ¶¶ 2, 10.

On August 21, 2024, a Summons and Complaint were served upon Defendant, as evidenced by the Affidavit of Personal Service previously filed with the Court. Venjohn Aff. ¶ 3.

## STATEMENT OF THE DOCUMENTS WHICH COMPRISE THE RECORD

1.  Pleadings on file with the District Court:

    - Summons and Complaint
    - Affidavit of Personal Service

2.  Affidavit of Manish Sahni in support of Plaintiff's Motion for Summary Judgment.

3.  Affidavit of Christopher M. Venjohn in support of Plaintiff's Motion for Summary Judgment.

4.  Memorandum of law in support of Plaintiff's Motion for Summary Judgment and any reply memorandums that may be submitted in the future.

5.  Notice of Motion and Motion for Summary Judgment, along with Affidavit of Service.

## ISSUE

I.  Is Plaintiff entitled to Summary Judgment as a matter of law?

## ANALYSIS

### I. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AGAINST DEFENDANT AS A MATTER OF LAW

#### a. *The Summary Judgment Standard.*

Summary judgment is properly granted in the moving party's favor when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. It "is designed to implement the stated purpose of the rules-securing a just, speedy, and inexpensive determination of an action-by allowing a court to dispose of an action on the merits if there is no genuine dispute regarding the material facts, and a party is entitled to judgment under the law applicable to such facts." DLH, Inc. v. Russ, 566 N.W.2d 60, 69 (Minn. 1997) (internal citation omitted).

The nonmoving party cannot avoid summary judgment unless it establishes the existence of a genuine issue of material fact by substantial evidence. Id. at 70; Murphy v. Country House, Inc., 307 Minn. 344, 240 N.W.2d 507, 512 (Minn. 1976). Nor can they successfully oppose summary judgment by relying "upon the naked allegations of [their] pleadings." Morgan v. McLaughlin, 188 N.W.2d 829, 832 (Minn. 1971). Rather, "[w]hen a motion for summary judgment is made and supported, the nonmoving party must present specific facts showing that there is a genuine issue for trial." DLH, 566 N.W.2d at 69 (quoting Minn. R. Civ. P. 56.05). The existence of "some metaphysical doubt as to a factual issue" is insufficient to raise a genuine issue of material fact, Bob Useldinger & Sons, Inc. v. Hangslebeden, 505 N.W.2d 323, 329 (Minn. 1993), as are surprise and speculation. Fownes v. Hubbard Broadcasting, Inc., 225 N.W.2d 534, 536 (Minn. 1975).

Minnesota Rule of Civil Procedure 56.03 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986); Lubbers v. Anderson, 539 N.W.2d 398, 401 (Minn. 1995); Nicollet Restoration Inc. v. City of St. Paul, 533 N.W.2d 845, 847-48 (Minn. 1995). Under these circumstances "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

### b. *Plaintiff is Entitled to Summary Judgment in Its Favor on Its Breach of Contract Claim Against Defendant.*

The Minnesota Court of Appeals states that, "[t]he formation of a contract requires communication of a specific and definite offer, acceptance, and consideration." Thomas B. Olson & Associates, P.A. v. Leffert, Jay & Polglaze, P.A., 756 N.W.2d 907, 918 (Minn. Ct. App. 2008) (internal citations omitted). Furthermore, "[a] claim of breach of contract requires proof of three elements: (1) the formation of a contract, (2) the performance of conditions precedent by the plaintiff, and (3) the breach of the contract by the defendant." Id. (citing Briggs Transp. Co. v. Ranzenberger, 217 N.W.2d 198, 200 (Minn. 1974); Commercial Assocs., Inc. v. Work Connection, Inc., 712 N.W.2d 772, 782 (Minn. Ct. App. 2006)).

It is well established in Minnesota that a parent is liable for the medical expenses of their minor child. See, e.g., Badger Equipment Co. v. Brennan, 431 N.W.2d 900 at 902 (Minn. Ct. App. 1988) citing Faber v. Roelofs, 212 N.W.2d 856, 862 (Minn. 1973); Wineman v. Carter, 4 N.W.2d 83 (1942); Dentinger v. Uleberg, 213 N.W. 377 (Minn. 1927).

Here, based upon the undisputed material facts, all of the elements necessary for contract formation and breach exist. Plaintiff operates to offer and provide health care services to members of the public. Plaintiff offered to provide such health care services to Defendant's minor child.

Defendant accepted said services when Defendant's minor child made use of the services and Defendant signed the Contract promising to pay. The consideration for the contract was Plaintiff's promise to perform and Defendant's promise to pay.

Based on the foregoing, a valid and binding contract existed, thereby satisfying the first element necessary to establish Plaintiff's breach of contract claim. Plaintiff satisfied the second essential element when it performed its condition precedent to being paid by Defendant, i.e., it provided health care goods and services to Defendant's minor child. Finally, Defendant is in breach of contract for not paying for said services, provided by Plaintiff, as obligated to do so both impliedly and pursuant to the signed Contract. [2]

Defendant submits no specific evidence contradicting the balance owing to Plaintiff; neither do they decline or rebut the fact that Defendant accepted the services and Defendant's minor child benefited from Plaintiff's services. In response, Defendant offers no specific evidence showing that the amount sought in this action was paid to Plaintiff, nor any evidence of legitimate claimed defenses. Consequently, there are no genuine issues of material fact on any of the issues. Plaintiff also believes, in good faith, that Defendant will fail to provide any specific evidence to the contrary.

### c. *Alternatively, Plaintiff is Entitled to Summary Judgment in Its Favor on Its Claim of Unjust Enrichment Against Defendant.*

If the Court does not find that Plaintiff is entitled to summary judgment under its breach of contract theory, Plaintiff should be granted summary judgment under the theory of unjust enrichment.

---

[2] Under Minnesota Law, a contract may be either explicit, or implied in fact. See Roberge v. Cambridge Co-op. Creamery, 79 N.W.2d 142, 145-46 (Minn. 1956). The general rule for an implied contract "is (absent the family relation) that, where one renders services for another which are known to and accepted by the other, the law implies a promise to pay therefor[e]." In re Tilghman's Estate, 61 N.W.2d 743, 745 (Minn. 1953).

"In order to establish a claim for unjust enrichment, the claimant must show that another party knowingly received something of value to which she was not entitled, and that the circumstances are such that it would be unjust for that person to retain the benefit." Schumacher v. Schumacher, 627 N.W.2d 725, 729 (Minn. Ct. App. 2001) (citing ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc., 544 N.W.2d 302, 306 (Minn. 1996); see also, Acton Constr. Co. v. State, 383 N.W.2d 416, 417 (Minn. Ct. App.1986) (The elements of a quasi contract are: (1) a benefit is conferred; (2) the defendant appreciates and knowingly accepts the benefit; (3) the defendant's retention of the benefit under the circumstances would be inequitable)).

Again, it is well established in Minnesota that a parent is liable for the medical expenses of their minor child. See, e.g., Badger Equipment Co. v. Brennan, 431 N.W.2d 900 at 902 (Minn. Ct. App. 1988) citing Faber v. Roelofs, 212 N.W.2d 856, 862 (Minn. 1973); Wineman v. Carter, 4 N.W.2d 83 (1942); Dentinger v. Uleberg, 213 N.W. 377 (Minn. 1927).

The analysis in the present case is simple and straightforward. Defendant knowingly accepted and Defendant's minor child received valuable services provided by Plaintiff, in the form of health care goods and services, to which they were not entitled, thereby binding Defendant to pay pursuant to Minnesota law. Under the circumstances, it would be unjust for Defendant's minor child to retain the benefit of these services without Defendant paying for them. Defendant is liable for the health care good and services provided to their minor child.

Defendant has offered no evidence in response to the Summons and Complaint, nor does Plaintiff believe Defendant will, in response to this Motion, that would rebut the evidence offered by Plaintiff. Defendant has failed to proffer any specific or viable defense against their obligation to pay for the services provided. Pursuant to Minn. R. Civ. P. 56.03, Celotex, Lubbers and Nicollet Restoration, summary judgment against Defendant is mandatory under these circumstances.

62-CV-24-5313

Filed in District Court
State of Minnesota
3/28/2025 2:41 PM

## CONCLUSION

Because there are no genuine issues of material fact that may be utilized at a trial as to whether Defendant is indebted to Plaintiff for the amount sought in this action, and because Defendant has offered no substantial evidence in order to avoid summary judgment, Plaintiff is entitled to Summary Judgment as a matter of law.

Dated: March 28, 2025                    D.S. Erickson & Associates, PLLC

                                        Gregory E. Hanson (#0395404)
                                        Christopher M. Venjohn (#400707)
                                        7650 Edinborough Way, Suite 500
                                        Edina, MN 55435
                                        (612) 333-7600
                                        Attorneys for Plaintiff

Filed in District Court
State of Minnesota
3/28/2025 2:41 PM

STATE OF MINNESOTA

DISTRICT COURT

COUNTY OF RAMSEY

SECOND JUDICIAL DISTRICT

| | |
|---|---|
| Fairview Health Services, | Court File No.: 62-CV-24-5313 |
| Plaintiff, | Case Type: Consumer Credit Contract |
| | Judge: Leonardo Castro |
| v. | **AFFIDAVIT OF MANISH SAHNI** |
| | **IN SUPPORT OF PLAINTIFF'S** |
| Trai Ngoc Nguyen, | **MOTION FOR SUMMARY** |
| | **JUDGMENT** |
| Defendant. | |

STATE OF MINNESOTA )
        ) ss.
COUNTY OF Hennepin )

  I, Manish Sahni, being duly sworn on oath, declare and state as follows:

1. That I am the Manager of Revenue Cycle at Fairview Health Services, and that in such capacity I have access to and knowledge of books, records and contracts relative to patient's account receivables and debts owing to Fairview Health Services, and;

2. That a review of the books and records indicates that on or about November 14, 2022, through November 16, 2022, Defendant's minor child received health care goods and services, on account (hereinafter "Account" attached hereto as Exhibit A), and that a principal amount of $4,790.85 is due and owing on the Account, and;

3. That the Account was made by a person with personal knowledge of the matters recorded and with a business duty to report accurately, or made from information transmitted by a person with such knowledge, and;

4. That the Account was made at or near the time of the dates of service, and;

5.      That the Account was kept in the ordinary course of regularly conducted business activities of Fairview Health Services, and;

6.      That the Account was made as a part of the regular practice of those business activities, and;

7.      That Defendant signed a General Consent for Service form (hereinafter "Agreement" attached hereto as Exhibit B), contractually obligating Defendant to pay for the health care goods and services provided by Plaintiff to Defendant's minor child that were not paid for by a third-party payer, e.g., a health insurance provider, and;

8.      That Defendant's minor child had health insurance coverage on the date of service; their health insurance providers made payments and/or adjustments; and no future payments and/or adjustments by the health insurance providers are expected, and;

9.      That coordination of benefits, appeals, or any inquiries of claims denied by the health insurance provider, or any other third-party payer, covering Defendant's minor child is the responsibility of Defendant, and;

10.     That Defendant made no payments on the Account, as reflected in Ex. A, and no future payments from Defendant are expected, and;

11.     That payment of the remaining amount due under the Account has been requested of Defendant, but Defendant has refused to pay, and;

12.     That the attached Account of Defendant is a true, accurate and correct copy, and;

13.     That the attached Agreement is a true, accurate and correct copy, and;

14.     That Defendant owes a principal balance of $4,790.85 to Plaintiff.

Further, Your Affiant sayeth naught, save and except, this affidavit is made in support of Plaintiff's Motion for Summary Judgment.  I declare under penalty of perjury that everything I have stated in this document is true and correct.  Minn. Stat. § 358.116.

Dated: 2/13/2025_____, 2025          /s/ *Manish Sahni*
                                        Manish Sahni
                                        Manager of Revenue Cycle
                                        Fairview Health Services

Filed in District Court
State of Minnesota
3/28/2025 2:41 PM

.

# Exhibit A



M Health Fairview
1750 University Ave W
St Paul, MN 55104-3781
Ph. (612) 672-6724

Trai Ngoc Nguyen
5586 Cottonwood CRT
SHOREVIEW MN 55126

The following document contains the requested services for Trai Ngoc Nguyen
(Guarantor ████). If you have any questions, please contact customer service.

| Charges | Insurance Payments | Patient Payments | Adjustments | Total Balance |
|---|---|---|---|---|
| 16,836.00 | -13,324.03 | 0.00 | 0.00 | 3,511.97 |

## M Health Fairview Ridges Hospital

November 14, 2022 to November 16, 2022

| Svc Date | Code | Description | Qty | Amount |
|---|---|---|---|---|
| **Charges** | | | | |
| 11/14/22 | | | | 7,534.00 |
| 11/14/22 | | | | 207.00 |
| 11/14/22 | | | | 1,519.00 |
| 11/14/22 | | | | 40.00 |
| 11/15/22 | | | | 7,534.00 |
| 11/15/22 | | | | 1.00 |
| 11/15/22 | | | | 1.00 |
| **Insurance Payments and Adjustments** | | | | |
| 12/08/22 | | AR Insurance Payment | | -9,313.15 |
| 12/08/22 | | AR Ins Expected Contractual Disc | | -4,010.88 |
| | | **Total** | | **3,511.97** |

Filed in District Court
State of Minnesota
3/28/2025 2:41 PM



M Health Fairview

Trai Ngoc Nguyen
5586 Cottonwood CRT
SHOREVIEW MN 55126

The following document contains the requested services for Trai Ngoc Nguyen
If you have any questions, please contact customer service.

| Charges | Insurance Payments | Patient Payments | Adjustments | Total Balance |
|---|---|---|---|---|
| 667.00 | -43.21 | 0.00 | 0.00 | 623.79 |

## M Health Fairview Ridges Hospital

November 14, 2022 to November 16, 2022

| Svc Date | Code | Description | Qty | Amount |
|---|---|---|---|---|
| **Charges** | | | | |
| Charges for visit with | | | | |
| 11/14/22 | | | | 667.00 |
| **Insurance Payments and Adjustments** | | | | |
| 12/08/22 | | AR Insurance Payment | | -11.23 |
| 12/08/22 | | AR Contractual Disallowance | | -43.21 |
| 12/08/22 | | AR Contractual Disallowance | | 11.23 |
| | | **Total** | | **623.79** |



M Health Fairview

Trai Ngoc Nguyen
5586 Cottonwood CRT
SHOREVIEW MN 55126

. . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . .
The following document contains the requested services for Trai Ngoc Nguyen
                        If you have any questions, please contact customer service.

| Charges | Insurance Payments | Patient Payments | Adjustments | Total Balance |
|---|---|---|---|---|
| 702.00 | -46.91 | 0.00 | 0.00 | 655.09 |

## ▉ M Health Fairview Ridges Hospital ▉

November 14, 2022 to November 16, 2022

| Svc Date | Code | Description | Qty | Amount |
|---|---|---|---|---|
| **Charges** | | | | |
| Charges for visit with ▉ | | | | |
| 11/15/22 | | | | 345.00 |
| 11/16/22 | | | | 357.00 |
| **Insurance Payments and Adjustments** | | | | |
| 12/08/22 | | AR Insurance Payment | | -11.80 |
| 12/08/22 | | AR Contractual Disallowance | | -23.04 |
| 12/08/22 | | AR Contractual Disallowance | | 5.80 |
| 12/08/22 | | AR Contractual Disallowance | | -23.87 |
| 12/08/22 | | AR Contractual Disallowance | | 6.00 |
| | | **Total** | | **655.09** |

62-CV-24-5313

Filed in District Court
State of Minnesota
3/28/2025 2:41 PM

# Exhibit B



**Translations available:**
*Amharic (521560am), Arabic (521560ar), Chinese (521560ch),
Hmong (521560hg), Karen (521560kr), Oromo (521560or),
Russian (521560ru), Somali (521560so), Spanish (521560sp),
Vietnamese (521560vi)*



Patient Name: Logan N Nguyen  MRN:

## General Consent for Service

This consent applies to you (and your baby, if you are giving
birth), as well as to all medical staff, hospitals and other places
listed at the bottom of this page. **Signing this consent means
that you agree with the statements below. If you have
questions or concerns about this consent, talk to the staff
member helping you with this form.**

**Treatment:** I agree to receive medical treatment. I understand
that my Medical Team:

- May include medical residents of Fairview Health
  Services and University of Minnesota Physicians,
  other care providers and students who work under
  my Medical Team.
- May collect facts about my health and family
  health history.
- Will talk with me about treatment and answer my
  questions.
- Can't promise exact results from my treatment.
- Will care for me in an emergency, even if I have
  no insurance or cannot pay.

**Insurance and payment:** I agree my Medical Team:

- May bill my insurance or other payer and I
  irrevocably assign my rights and benefits under my
  plan, including administrative and legal remedies
  under ERISA and other laws and in equity.
- May bill my insurance or other payer unless I tell
  my Medical Team not to send a bill.
- May receive payments directly from my insurance
  plan or other payer.
- May share my health and account records with my
  insurance plan or other payer and their agents as
  needed. This would be for billing, payment,
  claims, quality reviews or to answer questions
  about my care.

- My insurance plan may need to approve certain
  treatments before I have them (called *prior
  authorization* or *referral authorization*). If I don't get
  pre-approval, my insurance may not pay for the
  treatment(s).
- I will pay all charges for services **not** paid by a third
  party (such as an insurance company), even if my
  insurance or benefit card reads otherwise.[3]
- If I need help paying for my care, I will ask about my
  options when I register. I may be asked questions to
  see if I qualify for help paying my bill.

**Health information:** My information will be documented
in my electronic health record. My Medical Team can
view my history and record and manage my care, no
matter which location I visit at M Health Fairview or its
affiliates. I agree that my health information[4] may be
shared with or requested from:

- My Medical Team. This will help with my care if I
  visit another location.
- Other medical professionals or agencies, both in and
  out of the Fairview system, that help with my care or
  refer me to services. My information may be needed
  to carry out business operations, quality improvement,
  licensing, accreditation or for accountable care
  organizations and networks.

**Notice of Privacy Practices:** I understand that some uses
and sharing of my medical information do not require my
consent, while others do. I have seen the *Joint Notice of
Privacy Practices* which explains my right to keep my
medical information private. I will ask for a copy if I
would like to take it home.

---

1. This consent applies to Fairview Health Services, Inc (the sole holder and services, Range Regional Health Services, Grand Itasca Clinic &
Hospital, M Health Fairview, and University of Minnesota Physicians.
2. Defined in the Emergency Medical Treatment and Active Labor Act.
3. Information on charges, including a listing of current standard charges, can be found at https://www.fairview.org/billing
4. Health records include information about mental and/or psych health, health care, payment for health care and demographics.

 02.22
*General Consent*

*Translations available:*
*Amharic (521560 am), Arabic (521560 ar), Chinese (521560 zh),*
*Hmong (521560 hg), Karen (521560 en), Oromo (521560 or),*
*Russian (521560 ru), Somali (521560 so), Spanish (521560 sp),*
*Vietnamese (521560 vt),*



Patient Name: Logan N Nguyen

**Research:** I allow my health records to be used for research. I understand that their use must follow state and federal laws to protect research patients.

☐ If I do NOT agree, I will check this box.

**Electronic Health Information Exchange (HIE):** I understand that the HIE allows medical care providers to access and securely share my health and medication information electronically without having to ask for printed records. I agree that my Medical Team - and any Medical Teams who treat me in the future - may use or share my information with an HIE or similar database service.

☐ If I do NOT agree, I will check this box.

**Consent for payers to share information:** I agree that my insurance plan may release (share) my health and account records from other providers with my Medical Team as needed. They may do this to give me better care.

☐ If I do NOT agree, I will check this box.

**Telephone, email or text messages:** I agree that Fairview Health Services and its affiliates may use the contact information I provide to reach me or send me information. Some examples include: appointment and billing reminders, collections, satisfaction surveys and healthcare messages, such as information about new service offerings and preventive care. I understand that I may receive phone calls, autodialed calls, e-mails, text messages and recorded messages. I can opt-out of these messages. I can update my contact information if needed.

**Photos and videos:** I agree that my Medical Team may take photos or videos of me for treatment or teaching purposes. I will tell my Medical Team if I don't want photos or videos taken of me. I understand that video monitoring is used onsite for clinical, operations and safety reasons. These images are only visible to authorized personnel and are not routinely saved. If images must be saved, it is for an authorized purpose, such as quality improvement. Images are stored confidentially and released only with proper authorization.

**Valuables:** I understand that I am responsible for my personal belongings and valuables. My Medical Team is not responsible for any loss or damage to my personal items.

**Other:** I understand this consent remains in effect until I cancel it in writing. Any actions already taken while my consent was in effect can't be undone. No changes to this form can be accepted.

My signature below shows that I agree with this Consent. **I agree to receive medical treatment.**

| *Tai Nguyen* | 11/4/2022 | 4:13 |
|---|---|---|
| Patient (or authorized decision-maker) Signature | Date | Time |

*Trai Nguyen*

Printed Name of Patient or Authorized Decision Maker        Relationship to Patient (if applicable)

*To be filled in by staff, if applicable:*

Interpreter name _____ Date _____ Time _____

Agency/Employer _____ Language _____ ID # (if video or phone was used): _____

*FIIRO GAAR AH: Hadii aad ku hadasho Soomaali, waxaa ku haqadaha qaybta kaalmada adeegyada, waxay idin heysaan adeeg kharash la'aan ah. So wac 612-273-3780. ATENCION: Si habla español, tiene a su disposición servicios gratuitos de asistencia lingüística. Llame al 612-273-3780.*

We comply with applicable federal civil rights laws. We do not discriminate on the basis of race, color, national origin, age, disability, sex, sexual orientation, gender or gender identity.

521560 · REV 02 22
*General Consent*

**GENERAL CONSENT FOR SERVICE**
*Registration to scan to EHR*

*Page 2 of 2*

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

---

Fairview Health Services,

Plaintiff,

v.

Trai Ngoc Nguyen,

Defendant.

Court File No.: 62-CV-24-5313
Case Type: Consumer Credit Contract
Judge: Leonardo Castro

**AFFIDAVIT OF
CHRISTOPHER M.
VENJOHN**

---

STATE OF MINNESOTA     )
                       ) ss.
COUNTY OF HENNEPIN     )

Christopher M. Venjohn, being first duly sworn on oath, deposes and says:

1      That I am one of the attorneys for the Plaintiff in the above-entitled matter, and;

2.     That Plaintiff retained the law firm of D.S. Erickson & Associates, PLLC to pursue money owed to Plaintiff by Defendant, and;

3.     That on August 21, 2024, this firm caused a Summons and Complaint to be served upon Defendant, and;

4.     That Your Affiant verily believes there are no genuine issues of material fact existing for which Defendant can argue at a trial, and;

5.     That this affidavit is made for the purpose of supporting Plaintiff's Motion for Summary Judgment for the relief demanded in its Complaint.

Further Your Affiant sayeth naught.

Dated: March 28, 2025

Subscribed and sworn to before me
this 28th day of March, 2025.

Notary Public

ANGELA M. ODONNELL
Notary Public-Minnesota
My Commission Expires Jan. 31, 2030

Christopher M. Venjohn (#0400707)
D.S. Erickson & Associates, PLLC
7650 Edinborough Way, Suite 500
Edina, MN 55435
(612) 333-7600
Attorney for Plaintiff

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

---

Fairview Health Services,

Plaintiff,

v.

Trai Ngoc Nguyen,

Defendant.

Court File No.: 62-CV-24-5313
Case Type: Consumer Credit Contract
Judge:  Leonardo Castro

**ORDER**

---

The above-entitled matter came before the Court upon Plaintiff's Motion for Summary Judgment on Monday, April 28, 2025, at 2:30 p.m., the undersigned presiding.

Plaintiff appeared by and through its attorney, Christopher M. Venjohn, Esq.

Defendant _____.

The Court, based upon its entire file, exhibits submitted and the arguments deduced at the hearing on motion, makes the following:

## <u>FINDINGS OF FACT</u>

1.      Defendant entered into an express contract for health care goods and services, wherein Defendant's minor child would receive health care goods and services from Plaintiff, and Defendant would pay Plaintiff for the same.

2.      Defendant's minor child made use of the health care goods and services provided by Plaintiff, but Defendant has failed to pay for said goods and services.

3.      There remains an outstanding amount of $4,790.85; plus Plaintiff's cost of filings ($300.00, $75.00, $10.00); plus Plaintiff's reasonable disbursements incurred, including cost of service, pursuant to Minn. Stat. § 549.04 ($53.00) resulting in a judgment in the amount of $5,228.85.

## CONCLUSIONS OF LAW

1.      Defendant is in breach of contract for failing to pay for the health care goods and services rendered by Plaintiff to Defendant's minor child.

2.      Defendant is liable for the health care goods and services provided to their minor child.

3.      There exists no genuine issue of material fact upon which Defendant has shown this Court that they might utilize at trial.

4.      Plaintiff is entitled to judgment against Defendant for the amount sought in its Complaint as a matter of law.

## ORDER FOR JUDGMENT

1.      Plaintiff shall have judgment against Defendant in the amount of $5,228.85 plus interest at the rate set forth by the Court from the date of entry of this judgment.


LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: _____, 2025          BY THE COURT


                                          _____
                                          Leonardo Castro
                                          Judge of District Court

62-CV-24-5313

Filed in District Court
State of Minnesota
3/28/2025 2:41 PM

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

---

Fairview Health Services,

          Plaintiff,

v.

Trai Ngoc Nguyen,

          Defendant.

Court File No.:  62-CV-24-5313
Case Type: Consumer Credit Contract
Judge:  Leonardo Castro

**AFFIDAVIT OF
SERVICE**

---

STATE OF MINNESOTA  )
                      ) ss.
COUNTY OF HENNEPIN  )

      Christopher M. Venjohn, being first duly sworn on oath, deposes and states that he is one of the attorneys for Plaintiff and that on the 28th day of March, 2025, he served the attached Notice of Motion and Motion for Summary Judgment, Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, Affidavit of Manish Sahni, Affidavit of Christopher M. Venjohn, Proposed Order and this Affidavit of Service upon Defendant by placing true and correct copies thereof in an envelope addressed as follows:

      Trai Ngoc Nguyen
      5586 Cottonwood Court
      Shoreview, MN 55126

and will have deposited same via the United States Postal Service on said date.

Dated: March 28, 2025

Subscribed and sworn to before me
this 28th day of March, 2025.

_____
Notary Public

Christopher M. Venjohn (#0400707)
D.S. Erickson & Associates, PLLC
7650 Edinborough Way, Suite 500
Edina, MN 55435
(612) 333-7600
Attorney for Plaintiff



ANGELA M. ODONNELL
Notary Public-Minnesota
My Commission Expires Jan. 31, 2030

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

---

FAIRVIEW HEALTH SERVICES, a Minnesota
Nonprofit Corporation,

        *Plaintiff*,

v.

TRAI NGOC NGUYEN, an Individual,

        *Defendant.*

---

File No.: 62-CV-24-5313
Honorable Leonardo Castro
Case Type: Consumer Credit Contract

**<u>DEFENDANT'S VERIFIED ANSWER</u>**

**<u>JURY TRIAL DEMANDED</u>**

---

    Defendant Trai Ngoc Nguyen states for his Verified Answer to the Complaint of

Fairview Health Services ("**Fairview**") as follows:

## <u>PREFATORY MATTERS</u>

**I.**    **GENERAL DENIAL.**

    Defendant generally denies each and every allegation of the Complaint, except those

allegations specifically admitted, qualified, or otherwise answered.

**II.**    **NEGATIVE DEFENSE.**

    The Complaint fails to state a claim upon which relief can be granted.

## <u>THE COMPLAINT</u>

    1.    Defendant acknowledges Exhibit A to the Complaint, but challenges, *infra*, its

accuracy and legal sufficiency. To the extent Paragraph 1 asserts legal conclusions, no answer is

required, and to the extent Plaintiff has pleaded factual allegations requiring a response,

Defendant lacks knowledge or information sufficient to form a belief as to their truth, and on that

basis denies the allegations.

**Claim 1**
**Breach of Contract**

2.      Defendant admits the allegations of Paragraph 2 to the extent his minor child received valuable medical goods and services from Fairview.

3.      Defendant admits, and is grateful, his minor child received medical care from Fairview, but denies the allegations of Paragraph 3 insofar as Defendant challenges whether *all* goods and services were properly authorized and medically necessary, challenges the amount allegedly owed, and asserts negative, *supra*, and affirmative, *infra*, defenses.

**Claim 2**
**Unjust Enrichment**

4.      In response to Paragraph 4, Defendant restates and incorporates by reference answers to the preceding paragraphs.

5.      As to the allegations of Paragraph 5, and subject to the limitations of Paragraph 3, Defendant acknowledges Fairview incurred time and resource expenses in rendering health care goods and services to Defendant's minor child, and Defendant accepted and indirectly received certain healthcare goods and services.

6.      To the extent Paragraph 6 asserts legal conclusions, no answer is required, and to the extent Plaintiff has pleaded factual allegations requiring a response, Defendant denies the allegations on the basis of, *inter alia*, the assertions of Paragraph 3.

**PRAYER FOR RELIEF**

To the extent Plaintiff's prayer asserts legal conclusions, no answer is required, and to the extent Plaintiff has pleaded factual allegations requiring a response, Defendant denies the allegations and denies Plaintiff is entitled to relief.

## AFFIRMATIVE DEFENSES

Defendant raises the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has not alleged this Court has personal jurisdiction over Defendant or subject matter jurisdiction over Plaintiff's claims. Accordingly, pursuant to Minn. R. Civ. P. 12.08, Defendant asserts the defense of lack of personal jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are subject to offset by any reimbursement received through insurance or other health benefits plan.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to plead with sufficient particularity (*e.g.*, it does not itemize charges) and should be stricken.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint violates Rule 11.01 of the Minnesota Rules of Civil Procedure ("**Rule**" 11): it intentionally omits the email addresses and direct telephone numbers of counsel and should be stricken.

### FIFTH AFFIRMATIVE DEFENSE

The litigative or other collection activities of Plaintiff or its agents violate the Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692 – 1692p (FDCPA), including, without limitation, by violating Rule 11 as specified in the Fourth Affirmative Defense.

### SIXTH AFFIRMATIVE DEFENSE

For, *inter alia*, reasons noted in the First Affirmative Defense, Third Affirmative Defense, Fourth Affirmative Defense, and Fifth Affirmative Defense, Defendant asserts the defense of insufficiency of process.

### SEVENTH AFFIRMATIVE DEFENSE

The Affidavit of Service filed to the Court's docket August 30, 2024, is incorrect: the person putatively served never lived with Defendant. Accordingly, service was ineffectual, and Defendant asserts the affirmative defense of insufficiency of service of process.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts Fairview has failed to comply with the statutory requirements of Minn. Stat. § 144.588 (*Certification of Expert Review*) insofar as, *inter alia*, the assertion of its affidavit that "[n]either Patient/Guarantor(s) nor Patient's/Guarantor's attorney has responded to Law Firm," Compl. Ex. A, is, upon information and belief, untrue.

### NINTH AFFIRMATIVE DEFENSE

Defendant challenges whether *all* healthcare goods and services Fairview provided Defendant's minor child were properly authorized and medically necessary.

### TENTH AFFIRMATIVE DEFENSE

By virtue of its conduct, representations, and omissions, Plaintiff is estopped from enforcing any liability (equitable estoppel).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has unclean hands and should not recover.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of *in pari delecto*.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of lack of equity.

### RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Defendant reserves the right to assert additional affirmative defenses as they become known.

### TRIAL BY JURY

Pursuant to U.S. Const. amend. VII and Minn. R. Civ. P. 38.01, Defendant respectfully demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays the Court dismiss the Complaint with prejudice, award him attorney's fees and costs and disbursements, and grant any other relief the Court deems just.

**SANCTIONS IN CIVIL ACTIONS, ACKNOWLEDGEMENT.** Defendant acknowledges that sanctions may be imposed under Minn. Stat. § 549.211.

Dated: May 19, 2025

Respectfully submitted,

**COBB CHAUCER PLLC**

/s/ Jeremy J. Cobb
Jeremy J. Cobb (#316441)
400 South Fourth Street, Suite 401-232
Minneapolis, Minnesota 55415
(763) 516-6231
jjcobb@umich.edu

*Counsel for Defendant Trai Ngoc Nguyen*

## <u>**VERIFICATION**</u>

I, Trai Ngoc Nguyen, Defendant in the above-entitled action, swear under oath and under penalty of perjury that I have reviewed the foregoing **VERIFIED ANSWER**, in connection with *Fairview Health Servs. v. Nguyen*, and believe it to be true and correct to the best of my knowledge, information, and belief.

Executed on this ___ day of May, 2025.

_____
**Trai Ngoc Nguyen**
*Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2025, at approximately 2:00 p.m., CDT, I served a true

and correct copy of **DEFENDANT'S VERIFIED ANSWER**, in connection with *Fairview*

*Health Servs. v. Nguyen*, upon the following through the Minnesota Judicial Branch's trial court

eFile and eServe (eFS) system:

> Gregory E. Hanson, Esq. (#0395404)
> Christopher M. Venjohn, Esq. (#400707)
> D.S. Erickson & Associates, PLLC
> 7650 Edinborough Way, Suite 500
> Edina, MN 55435
> gregory.hanson@dserickson.com
> christopher.venjohn@dserickson.com
>
> *Attorneys for Plaintiff Fairview Health Services*

Dated: May 23, 2025                Signed: **/s/ Jeremy J. Cobb**

Filed in District Court
State of Minnesota
8/13/2025 7:42 AM

State of Minnesota                                                    District Court
Ramsey County                                              Second Judicial District
                                               Court File Number:  62-CV-24-5313
                                            Case Type: Consumer Credit Contract

## Notice of Remote Zoom Hearing

**FILE COPY**

---

Fairview Health Services vs Trai Ngoc Nguyen

You are notified this matter is set for a remote hearing. This hearing will not be in person at the courthouse.

| Hearing Information |
|:---:|
| **January 05, 2026** |
| **Hearing** |
| **2:30 PM** |

**The hearing will be held via Zoom and appearance shall be by video and audio unless otherwise directed** with Judicial OfficerEdward Sheu, Ramsey County District Court.

The Minnesota Judicial Branch uses strict security controls for all remote technology when conducting remote hearings. To participate in Remote Hearings, you must have access to a device with Internet, a video camera, and speakers. You can participate from your phone or personal computer. **If you do not have access to technology you can contact Court Administration at (651) 266-8253 to explore in-person hearing options or we can help connect you with community resources that can provide you with the technology necessary to participate in a remote hearing.** Please check on-line for a list of community resources: https://www.mncourts.gov/mncourtsgov/media/second_district/documents/Resources-for-remote-participation-and-viewing-of-court-hearings.pdf

**You must:**
- Notify the court if your address, email, or phone number changes.
- Be fully prepared for the remote hearing. If you have exhibits you want the court to see, you must give them to the court five (5) days before the hearing. Pursuant to the Second Judicial District Standing Order Re: Transcripts of Recorded Evidence dated January 15, 2020, a party intending to introduce a recorded statement (video and/or audio) must file a verbatim transcript of the recorded statement in all non-criminal matters.  Failure to comply with these requirements may result in exclusion of the exhibit or recorded statement at trial.  A copy of the exhibit submission process along with the standing order re: transcripts of recorded evidence has been attached for convenience.  Visit www.mncourts.gov/Remote-Hearings for more information and options for joining remote hearings, including how to submit exhibits.

**To join by web browser:**
1. Type https://zoomgov.com/join in your browser's address bar.
2. Enter the **Meeting ID:** 160 092 2457
3. If asked, enter the **Meeting Password:** 820723
4. Update your name by clicking on your profile picture. If you are representing a party, add your role to your name, for example, John Smith, Attorney for Defendant.

2nd District Local Form                                          Revised 05/21/2021

5. Click the **Join Audio** icon in the lower left-hand corner of your screen.
6. Click **Share Video**.

**To join by telephone:**
Be sure you know how to mute your phone when you are not speaking and unmute it again to speak.
1. Call: (833) 568-8864
2. Meeting ID: 160 092 2457
3. Meeting Password: 820723

Dated: August 13, 2025                    Michael Upton
                                          Ramsey County Court Administrator
                                          651-266-8253

cc:   Trai Ngoc Nguyen

Please see the court website for additional information and assistance please see the court website: https://www.mncourts.gov/Remote-Hearings.aspx or log on to https://zoom.us/resources to learn how to use Zoom technology.

For additional information, or if you need assistance in finding a place with a reliable internet connection and a device that will allow you to attend the Zoom Hearing, please contact us at 651-266-8253.

**Court Procedures During Zoom Hearings**
A Zoom Hearing is the same as a courtroom hearing. You must act in a Zoom Hearing as you would if you were appearing before a judge in the courthouse. Be on time. Dress appropriately. Find a quiet place for the hearing with a good internet connection. Don't do other things while you are in the Zoom Hearing. Mute yourself when you are not speaking.  Follow the court's rules and directions.  The judge and participants will need to see and hear you during the Zoom Hearing. This will also allow you to see and hear everything that happens in the Zoom Hearing. If you cannot access a Zoom Hearing with a device that has a camera and audio, you may call into the Zoom Hearing with a phone.  Please see the court website for additional information and assistance please see the court website: https://www.mncourts.gov/mncourtsgov/media/second_district/documents/Resources-for-remote-participation-and-viewing-of-court-hearings.pdf

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

TRAI NGOC NGUYEN,

        *Plaintiff*,

v.

D.S. ERICKSON & ASSOCIATES, PLLC,

        *Defendant.*

**Civil Action No. 25-3339**

**<u>EXHIBIT TO VERIFIED COMPLAINT</u>**

# EXHIBIT C

# Who We Are

The attorneys at D.S. Erickson & Associates, PLLC apply their knowledge and extensive experience to several primary practice areas, including: creditor rights, health insurance litigation, commercial litigation, business law and estate planning.

Each staff member strives to provide the highest level of service to firm clients. Each attorney at D.S. Erickson & Associates is well versed in their respective practice areas. In order to achieve the best possible results in all areas of legal representation, D.S. Erickson & Associates employs highly skilled paralegal, paraprofessional and legal administrative support staff that work closely with firm lawyers. The attention to detail, work ethic and commitment to performance by staff helps to our make D.S. Erickson & Associates a phenomenal team that provides excellent results for clients.

## Attorney Bios

### D. Scott Erickson - Founder

Scott Erickson solves receivables problems and helps clients navigate business opportunities and issues. Representing large, institutional clients to relatively small business entities, Scott offers years of legal experience to client matters and assists clients in reaching their goals. Whether it is solving a collection issue, advising on contracts or offering guidance on complex business concerns, Scott provides sound guidance, curiosity and an 'always a way' attitude to each client matter.

Scott founded D.S. Erickson & Associates, PLLC and is the firm's president and chief manager. He not only advises businesses, he operates one and takes pride in his work family. While not at the firm, Scott can usually be found spending time with his wife and two girls. He spends a lot of time outdoors; he's chalked up a marathon, loves to travel with his family, hunts birds, follows, scuba dives, skis and strives to find a swing on the golf course. Not a lot of idle time, but that's what he prefers.

| Areas of Practice | Bar Admissions | Education |
|---|---|---|
| • Commercial Litigation | Minnesota, Arizona, Georgia, Texas, Iowa U.S. District Court District of Minnesota | • J.D., Hamline University School of Law, St. Paul, Minnesota |
| • Consumer Collection Litigation | | • B.A., University of Minnesota |
| • Health Insurance Litigation | | |
| • General Business Representation | | |

| Classes/Seminars | Professional Associations and Memberships | |
|---|---|---|
| Minnesota State Bar Association, CLE Past Faculty Lecturer, multiple years. 'How to Collect Debts in Minnesota, speaking on "Working With Your Client" and The 20/12 Debtor and Creditor Conference, speaking on "Issues Involving Health Care Related Debt". | • American Bar Association, Member | Scott has served and continues to serve on various corporate and charitable boards. He has volunteered with the Minnesota Office of Lawyers Professional Responsibility and has participated as a speaker at numerous continuing legal education programs. |
| | • Healthcare Financial Management Association, Member | |
| | • Texas State Bar Association, Member | |
| | • Iowa State Bar Association, Member | |
| | • Arizona State Bar Association, Member | |
| | • Georgia State Bar Association, Member | |

### Timothy J. Henkel - Partner

Tim Henkel is a litigator and business transactions lawyer. Whether it is a complex insurance contract issue involving multiple institutional and large corporate entities in Federal Court or a routine merchant contract, Tim is deeply analytical, organized, prepared and thorough. Perhaps more importantly, Tim achieves excellent results for firm clients with a solutions oriented approach. Tim gets client matters resolved and enjoys the process.

Tim began his legal career as a Judicial Law Clerk in Freeborn County District Court, and then joined the firm in 2009 where he has since become a partner. Tim routinely litigates commercial, collection, ERISA, Medicare/Medicaid and other health care related disputes in state and federal courts.

When not practicing law, Tim is spending time with his wife and two boys. He enjoys golf, reading, travel, cheering on Minnesota sports teams and cooking.

| Areas of Practice | Bar Admissions | Education |
|---|---|---|
| • Commercial Litigation | Minnesota, North Dakota, Wisconsin, Arizona, Texas, U.S. District Court District of Minnesota, U.S. District Court District of Arizona, U.S. Bankruptcy Court District of Minnesota, U.S. Bankruptcy Court District of Western Wisconsin, U.S. Bankruptcy Court District of Arizona | William Mitchell College of Law, St. Paul, Minnesota |
| • Consumer Collection Litigation | | • J.D. cum laude |
| • Health Insurance Litigation | | • Honors: Dean's List |
| • General Business Representation | | University of Minnesota, Minneapolis, Minnesota |
| | | • B.A. |
| | | • Major: Psychology |

| Professional Associations and Memberships | Past Employment Positions | Pro Bono Activities |
|---|---|---|
| • Healthcare Financial Management Association, Member | • State of Minnesota, Judicial Law Clerk, 2008 - 2009 | • Mitchell Mentor Program, 2009 - 2011 |
| • Wisconsin State Bar Association, Member | | • Minnesota Fourth Judicial District - Volunteer Ethic Investigator, 2012 - 2013 |
| • Texas State Bar Association, Member | | |
| • Arizona State Bar Association, Member | | |

### Gregory E. Hanson - Associate Attorney

Greg Hanson represents some of the largest nonprofit hospitals in Minnesota, Florida and Wisconsin with regard to their various receivable issues, as well as numerous businesses in Minnesota, Florida and Wisconsin in commercial disputes. Greg's planning services include: estate planning, drafting wills and trusts, trust and estate administration, health care directives and business succession planning.

Greg also helps individuals and families identify and achieve their estate planning goals. Greg's planning services include: estate planning, drafting wills and trusts, trust and estate administration, health care directives and business succession planning.

Greg regularly donates his time pro bono as a volunteer for Minnesota Wills for Heroes and is passionate about service. When not practicing law, Greg spends time with his wife and dog usually outdoors. Greg enjoys running, hiking, climbing and cooking.

| Areas of Practice | Bar Admissions | Education |
|---|---|---|
| • Commercial Litigation | • Minnesota | • J.D., Hamline University School of Law, St. Paul, Minnesota |
| • Consumer collection litigation | • Florida | • Health Law Certificate |
| • Workers' compensation provider remedies | • Wisconsin | • Health Law Compliance Certificate |
| • Creditors' rights | • U.S. District Court District of Minnesota | • B.A., University of Minnesota - Twin Cities |
| • Health law compliance | | |
| • Estate planning | | |
| • Trusts and estate administration | | |

| Honors and Awards | Professional Associations and Memberships | Pro Bono Activities |
|---|---|---|
| • North Star Lawyer, 2015-Present | • Minnesota State Bar Association, Member | Wills for Heroes |
| • Rising Star- Super Lawyers, 2017 - Present | • Florida State Bar Association, Member | |
| | • Wisconsin Sate Bar Association, Member | |

### Christopher M. Venjohn - Associate Attorney

Chris Venjohn is a detail-oriented attorney who works hard to protect the client's interests. Chris values a close working relationship with clients so they are thoroughly informed, and are involved in their case as it progresses so they can make informed decisions that best suits their needs. Chris assists firm clients in achieving their goals, while working to resolve their issues.

Chris began his legal career as an attorney at a plaintiff's employment firm in Kansas City, Missouri, where he developed a strong dedication to serving his clients. Chris then gained valuable courtroom experience as Legal Counsel for the Missouri Department of Revenue. After moving back to the Twin Cities with his family in 2018, Chris worked as a Judicial Law Clerk in Mille Lacs County District Court.

When not practicing law, Chris spends his free time with his wife and three children exploring the Twin Cities and all our community has to offer. Chris enjoys traveling, movies, cooking, golfing, and rooting for the Vikings.

| Areas of Practice | Bar Admissions | Education |
|---|---|---|
| • Creditor's Rights | • Minnesota | • J.D., William Mitchell College of Law, St. Paul, Minnesota |
| • Commercial Litigation | • Iowa | • M.A., University of South Dakota, Vermillion, South Dakota |
| | • Missouri | • B.S., University of South Dakota, Vermillion, South Dakota |

## D.S. ERICKSON & ASSOCIATES

7600 Edinborough Way
Centennial Lakes Office Park,
Suite 500
Edina, MN 55435

P. 612.333.7600  |  1.866.478.7611
F. 612.333.7611

Who We Are
Areas of Practice
News & Updates
Legal Notice
Privacy Policy
Contact Us

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

TRAI NGOC NGUYEN,

       *Plaintiff,*

v.

D.S. ERICKSON & ASSOCIATES, PLLC,

       *Defendant.*

**Civil Action No. 25-3339**

**<u>EXHIBIT TO VERIFIED COMPLAINT</u>**

# EXHIBIT D

| | |
|---|---|
| **From:** | jjcobb@umich.edu |
| **To:** | gregory.hanson@dserickson.com; christopher.venjohn@dserickson.com |
| **Cc:** | 'Trai Nguyen' |
| **Subject:** | RE: Fairview Health Services v. Trai Ngoc Nguyen, Civ. No. 62-CV-24-5313 (Ramsey Cnty. (Minn.) Dist. Ct.) |
| **Date:** | Thursday, April 17, 2025 11:28:31 AM |

Dear Mr. Venjohn:

Please see below (apparently, Mr. Hanson is out of the office).

JJC

---

**From:** jjcobb@umich.edu <jjcobb@umich.edu>
**Sent:** Thursday, April 17, 2025 10:52 AM
**To:** gregory.hanson@dserickson.com
**Cc:** 'Trai Nguyen' <trai.nguyen.mn@gmail.com>
**Subject:** RE: Fairview Health Services v. Trai Ngoc Nguyen, Civ. No. 62-CV-24-5313 (Ramsey Cnty. (Minn.) Dist. Ct.)

My apologies: Mr. Henson.

---

**From:** jjcobb@umich.edu <jjcobb@umich.edu>
**Sent:** Thursday, April 17, 2025 10:42 AM
**To:** gregory.hanson@dserickson.com
**Cc:** 'Trai Nguyen' <trai.nguyen.mn@gmail.com>
**Subject:** Fairview Health Services v. Trai Ngoc Nguyen, Civ. No. 62-CV-24-5313 (Ramsey Cnty. (Minn.) Dist. Ct.)

Dear Mr. Hansen:

I represent the defendant Trai from time to time in various matters—often when he procrastinates—and he contacted me Sunday, April 13, concerning the above-entitled action.

I wanted to reach out to your firm to introduce myself and propose a SIF before filing a notice of appearance or seeking leave of the Court to file an answer and defend the claims. Unfortunately, service of the S&C was improper, as Trai can establish that the gentleman who was served was merely a guest or visitor and never lived with Trai (thus, the Affidavit of Service is in error). Moreover, the Complaint appears based upon a template and is breezy and elides email addresses and direct telephone numbers for counsel, in violation of Rule 11.01. It appears to be the product of a largely automated process.

Perhaps we might hop on a short telephone call to sort things out. Trai tells me if we can arrive at a reasonable number, he is prepared to pay today.

Thoughts?

Very truly yours,
Jeremy J. Cobb, Esq.
COBB CHAUCER PLLC
*Counsel for Trai Nguyen*

**COBB CHAUCER**
COBB CHAUCER PLLC | 400 SOUTH FOURTH STREET, SUITE 401-232, MINNEAPOLIS, MINNESOTA 55415
763.516.6231 | jjcobb@umich.edu | LinkedIn | **Minn. + USPTO** (Patent Attorney)
Note: This email message, along with any attachments, is a private, nonpublic communication intended only for certain individuals.  It is confidential and may be privileged and subject to other protections, including, but not limited to, the work-product doctrine and federal and state laws relating to private personal data. If you have received this email in error, you do not have the sender's or any intended recipient's permission to retain, copy, or distribute it or any part of it, or to use it or any information derived from it in any way except to notify the sender of the error by reply email.

---

**From:** Trai Nguyen <trai.nguyen.mn@gmail.com>
**Sent:** Tuesday, April 15, 2025 9:41 AM
**To:** Jeremy Cobb <jjcobb@umich.edu>
**Subject:** Fwd: Patient Relations concern, M Health Fairview

---------- Forwarded message ---------
From: **Trai Nguyen <trai.nguyen.mn@gmail.com>**
Date: Thu, Dec 12, 2024 at 10:47 AM
Subject: Re: Patient Relations concern, M Health Fairview
To: <gregory.hanson@dserickson.com>

| From: | Christopher Venjohn |
|---|---|
| To: | jjcobb@umich.edu |
| Subject: | Fairview Health Services v. Trai Ngoc Nguyen, Civ. No. 62-CV-24-5313 |
| Date: | Monday, April 21, 2025 8:16:35 AM |
| Attachments: | 4208778 Answer.pdf |

Good Morning, Mr. Cobb:

Per your conversation with this firm's paralegal, please find the attached Answer that was provided by Defendant.

If you have additional questions regarding your client's account, please feel free to give our firm a call at 612-333-7600.

Thank you!

Sincerely,

Chris Venjohn

*Christopher M. Venjohn*
*Attorney at Law*



**7650 Edinborough Way**
**Centennial Lakes Office Park, Suite 500**
**Edina, MN 55435**
**612-333-7600**
**612-314-2792 (direct)**
**612-333-7611 (fax)**
**1-866-478-7611 (toll free)**
**www.dserickson.com**

CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN AND TRANSMITTED WITH THIS MESSAGE IS OR MAY BE ATTORNEY-CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT, OR OTHERWISE CONFIDENTIAL AND IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE. YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING OR OTHER USE OF THIS COMMUNICATION BY OR TO ANYONE OTHER THAN THE RECIPIENT NAMED ABOVE IS UNAUTHORIZED AND STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER BY RETURN EMAIL IMMEDIATELY AND DELETE THIS MESSAGE.

NOTICE:  Information contained in any email is not a substitute for a personal consultation with an attorney. This message, unless specifically stated otherwise, is not intended to provide any legal advice or create an attorney-client relationship, and should not be relied upon by anyone without specific, actual authorization by the sender. Unless you are possession of an executed retainer agreement or engagement letter, this law firm does not represent you.

NOTICE: In accordance with IRS Circular 230, any tax advice in this email is not intended to be and can not be used or relied upon for preparation of a tax return or to avoid tax penalties imposed by the Internal Revenue Code.  If you desire a formal opinion on a particular tax matter for the purpose of filing a return or avoiding the imposition of any penalties, you should seek such an opinion from an independent tax advisor or contact us to

discuss whether the further Treasury and Code requirements can possibly be met based on your particular circumstances, as well as the anticipated time and fees involved.

FDCPA NOTICE:  IF YOU ARE A CONSUMER/DEFENDANT IN AN ACTION INVOLVING A DEBT COLLECTION MATTER WITH THIS LAW FIRM, FEDERAL LAW MAY REQUIRE NOTICE THAT: "THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."

Dear Fairview Health Services,

I spoke to collections back in July and was offered a $3000 payoff. I was and still am unemployed and so requested a smaller payoff amount. Collections said they could not offer anything else at the time but would reach out if anything changes. I said I would try and pull together as much as I could but would most likely not be able to pay that amount. I did not hear back from collections and there was no correspondence until last week when I was served a summons.

There are 2 things that prevent me from paying the total debt.

1. I am unemployed and would endure a hardship.
2. I feel my son was unjustifiably kept in the hospital:
   a. He was not breathing well
   b. He was severely fatigued and slept, naturally breathing thru his nose.
   c. Unfortunately his nasal passage was clogged.
   d. We assumed the doctors would remedy that situation.
   e. Instead, he was forced to breathe thru a nose piece.
   f. The nose piece was annoying to him and kept coming out.
   g. Finally after days of monitoring (no treatment of any kind) his oxygen reading was high enough, he was released.
   h. Upon leaving, we saw the nurse who suggested we use some nasal saline spray
   i. As new parents, we did not know what that was.
   j. We asked why that was not administered during his stay,
   k. And the nurse said it is not part of the standard procedure, but
   l. Agreed that it would have greatly helped him breathe better and
   m. Therefore be released sooner.

At this time, we would like a smaller payoff amount of $1500 if that is possible. We are sorry for the inconvenience this has caused your financing dept, but we can not justify paying more for services that we feel were unnecessary and would put us in a financial predicament.

Regards,

Defendant:
Trai Nguyen
5586 Cottonwood Ct
Shoreview, MN 55126
trai.nguyen.mn@gmail.com
651-307-6180

| From: | jjcobb@umich.edu |
|---|---|
| To: | "Christopher Venjohn" |
| Cc: | "Trai Nguyen" |
| Subject: | RE: Fairview Health Services v. Trai Ngoc Nguyen, Civ. No. 62-CV-24-5313 |
| Date: | Monday, April 21, 2025 8:34:35 AM |

Thank you for this. I am uncertain whether this qualifies as an answer, and wish Trai had reached out to me sooner. Vini has been helpful, and I remain hopeful we can get this case off everyone's plate yet today.

JJC

---

**From:** Christopher Venjohn <christopher.venjohn@dserickson.com>
**Sent:** Monday, April 21, 2025 8:16 AM
**To:** jjcobb@umich.edu
**Subject:** Fairview Health Services v. Trai Ngoc Nguyen, Civ. No. 62-CV-24-5313

Good Morning, Mr. Cobb:

Per your conversation with this firm's paralegal, please find the attached Answer that was provided by Defendant.

If you have additional questions regarding your client's account, please feel free to give our firm a call at 612-333-7600.

Thank you!

Sincerely,

Chris Venjohn

***Christopher M. Venjohn***
***Attorney at Law***



**7650 Edinborough Way**
**Centennial Lakes Office Park, Suite 500**
**Edina, MN 55435**
**612-333-7600**
**612-314-2792 (direct)**
**612-333-7611 (fax)**
**1-866-478-7611 (toll free)**
**www.dserickson.com**

CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN AND TRANSMITTED WITH THIS MESSAGE IS OR MAY BE ATTORNEY-CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT, OR OTHERWISE CONFIDENTIAL AND IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE. YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING OR OTHER USE OF THIS

COMMUNICATION BY OR TO ANYONE OTHER THAN THE RECIPIENT NAMED ABOVE IS UNAUTHORIZED AND STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER BY RETURN EMAIL IMMEDIATELY AND DELETE THIS MESSAGE.

NOTICE:  Information contained in any email is not a substitute for a personal consultation with an attorney. This message, unless specifically stated otherwise, is not intended to provide any legal advice or create an attorney-client relationship, and should not be relied upon by anyone without specific, actual authorization by the sender. Unless you are possession of an executed retainer agreement or engagement letter, this law firm does not represent you.

NOTICE: In accordance with IRS Circular 230, any tax advice in this email is not intended to be and can not be used or relied upon for preparation of a tax return or to avoid tax penalties imposed by the Internal Revenue Code.  If you desire a formal opinion on a particular tax matter for the purpose of filing a return or avoiding the imposition of any penalties, you should seek such an opinion from an independent tax advisor or contact us to discuss whether the further Treasury and Code requirements can possibly be met based on your particular circumstances, as well as the anticipated time and fees involved.

FDCPA NOTICE:  IF YOU ARE A CONSUMER/DEFENDANT IN AN ACTION INVOLVING A DEBT COLLECTION MATTER WITH THIS LAW FIRM, FEDERAL LAW MAY REQUIRE NOTICE THAT: "THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."

| From: | jjcobb@umich.edu |
|---|---|
| To: | "Christopher Venjohn" |
| Cc: | "Trai Nguyen" |
| Subject: | RE: Fairview Health Services v. Trai Ngoc Nguyen, Civ. No. 62-CV-24-5313 |
| Date: | Friday, April 25, 2025 6:40:30 AM |

Dear Mr. Venjohn:

I regret to inform you I bring unwelcome news: after careful deliberation, Trai is of a mind to terminate the parties' settlement negotiations.

Key points:

- It is Trai's position the **stipulation for dismissal is inaccurate** as to, *inter alia*, (1) <u>sufficiency of service of process</u>, (2) Plaintiff's <u>characterization of Trai's email as an answer</u> within the meaning of the Minnesota Rules of Civil Procedure.
- **No enforceable settlement agreement**. By its terms (I imagine, written), Fairview's settlement offer expired Monday, April 21, 2025. Trai made payment next day.
- **FDCPA claims**. Even if the Court enforces any putative settlement agreement, Trai plans to bring FDCPA claims—possibly in state court—for, *inter alia*, (1) filing a false affidavit of service asserting (recklessly or intentionally) the man served resided with Trai, (2) dogmatically asserting without legal justification Trai's email constituted an answer, and (3) miscellany.

I plan to file a notice of appearance and attend Monday's scheduled hearing on Fairview's MSJ to request a continuance and leave of the Court to file an answer with affirmative defenses and counterclaims.

Please advise.


Most respectfully,
Jeremy Cobb
Cᴏʙʙ Cʜᴀᴜᴄᴇʀ, PLLC
*Counsel for Defendant Trai Nguyen*


---

**From:** Christopher Venjohn <christopher.venjohn@dserickson.com>
**Sent:** Wednesday, April 23, 2025 12:58 PM
**To:** jjcobb@umich.edu
**Subject:** RE: Fairview Health Services v. Trai Ngoc Nguyen, Civ. No. 62-CV-24-5313

Good Afternoon, Mr. Cobb:

Per our conversation, please find the attached Stipulation for Dismissal with Prejudice and Order.  If that looks good to you, please let me know, and we will affix your client's e-signature, sign it, and have it filed with the Ramsey County District Court.

Sincerely,

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

TRAI NGOC NGUYEN,

       *Plaintiff*,

v.

D.S. ERICKSON & ASSOCIATES, PLLC,

       *Defendant.*

**Civil Action No. 25-3339**

<u>**EXHIBIT TO VERIFIED COMPLAINT**</u>

# EXHIBIT E

STATE OF MINNESOTA                                                    DISTRICT COURT

COUNTY OF RAMSEY                                          SECOND JUDICIAL DISTRICT

---

Fairview Health Services,                    Court File No.: 62-CV-24-5313
                                             Case Type: Consumer Credit Contract
                    Plaintiff,               Judge:

v.

                                             **STIPULATION FOR**
                                             **DISMISSAL WITH**
Trai Ngoc Nguyen,                            **PREJUDICE AND ORDER**

                    Defendant.

---

**WHEREFORE,** Fairview Health Services (hereinafter "Plaintiff") served its Summons and Complaint upon Trai Ngoc Nguyen (hereinafter "Defendant") and Defendant Answered Plaintiff's Complaint, in the above-captioned action. Pursuant to agreement by and between Plaintiff and Defendant, the parties seek to dismiss all claims in the litigation with prejudice.

**THEREFORE, IT IS HEREBY STIPULATED**, by and between the parties, through their respective counsel, that:

1. That Plaintiff served its Summons and Complaint on Defendant on or about August 21, 2024, and;

2. That the amount alleged in Plaintiff's Complaint resulted from the dates of service of November 14, 2022, through November 16, 2022, where health care goods and services were provided to Defendant's minor child, and;

3. That Defendant served Plaintiff their Answer to the Complaint on or about September 3, 2024, and;

4. That the above-entitled matter may be dismissed with prejudice and without cost or fees to any party, and;

5.    That the Court may enter an Order dismissing the matter with prejudice, on the merits, and without costs to any of the parties or their attorneys.

**D.S. ERICKSON & ASSOCIATES, PLLC**

Dated: _____, 2025

_____
Christopher M. Venjohn, (#0400707)
7650 Edinborough Way,
Suite 500
Edina, MN 55435
Attorney for Plaintiff

Dated: _____, 2025

_____
Trai Ngoc Nguyen
5586 Cottonwood Court
Shoreview, MN 55126
*Pro Se*

**ORDER**

IT IS HEREBY ORDERED that the above-captioned matter is hereby dismissed with prejudice, and without further cost to any of the parties or their attorneys.

Dated: _____

_____
Judge of District Court