UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Trai Ngoc Nguyen,<br><br>　　　　　Plaintiff,<br>v.<br>D.S. Erickson & Associates, PLLC,<br>　　　　　Defendant. | Court File No.  25-3339 (JWB/JFD)<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT** |

Defendant D.S. Erickson & Associates, PLLC ("Defendant") by and through its attorneys, Meagher & Geer, P.L.L.P., for its Answer to the Amended Complaint of Trai Ngoc Nguyen ("Plaintiff"), denies each and every allegation therein except as hereinafter expressly admitted, denied, qualified, or otherwise responded to herein, and states and alleges as follows:

## NATURE OF THE ACTION

1.　　Paragraph 1 is a legal statement to which no response is required; if a response is required, then the allegations are denied as against Defendant.

## PARTIES

2.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 2 of the Complaint.

3.　　Defendant admits paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.　　Paragraph 4 is a legal statement to which no response is required; if a response is required, then the allegations are denied as against Defendant.

5. Regarding paragraph 5, Defendant admits it is subject to personal jurisdiction in this Court.

6. Regarding paragraph 6, Defendant admits it is subject to personal jurisdiction in this Court. Defendant denies the rest of the allegations in paragraph 6 of the Complaint.

7. Regarding paragraph 7, Defendant admits that venue is proper in this Court.

## FACTUAL ALLEGATIONS

### *Background*

8. Defendant admits it pursued a balance owed to its client Fairview Health Services for health care rendered to Nguyen's minor child with a principal balance originally due of $4790.85 plus costs.

### *Defendant Not a Debt Buyer*

9. Defendant admits paragraph 9 of the Complaint.

### *Minnesota State Court Collection Lawsuit Allegedly Served August 21, 2024*

10. Regarding paragraph 10, Defendant admits it served the summons and complaint on August 21, 2024. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11. Defendant denies paragraph 11 of the Complaint.

12. Defendant denies paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff's letter constituted an answer. Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14. Defendant admits it filed a motion for summary judgment on March 28, 2025.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 15 of the Complaint.

16. The emails referenced in paragraph 16 of the Complaint speak for themselves and, as such, no responsive pleading is required. Defendant denies the remaining allegations in paragraph 16 of the Complaint.

17. Defendant denies paragraph 17 of the Complaint.

18. The transcript referenced in paragraph 18 of the Complaint speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in Paragraph 18 of the Complaint.

### *Events Subsequent to the Filing of the Instance Action:*
### *Settlement Discussions & Defendant's Reply and Counterpoints*

19. The emails referenced in paragraph 19 of the Complaint speak for themselves and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies paragraph 20 of the Complaint.

### *Nonexhaustive Summary of FDCPA & State Law Violations*

21. Defendant denies paragraph 21 of the Complaint.

22. Defendant denies there was any violation of Rule 11.

23. Defendant admits that no case type is listed on the summons and complaint. Defendant denies the remaining allegations in paragraph 23 of the Complaint.

24. Defendant denies paragraph 24 of the Complaint.

25. Defendant denies paragraph 25 of the Complaint.

26. Defendant denies paragraph 26 of the Complaint.

27. Defendant denies paragraph 27 of the Complaint.

28. Defendant denies paragraph 28 of the Complaint.

29. Defendant denies paragraph 29 of the Complaint.

30. Defendant denies paragraph 30 of the Complaint.

31. Defendant denies paragraph 31 of the Complaint.

32. Defendant admits that attorney direct dials and email addresses are not listed on Defendant's website. Defendant denies the remaining allegations in paragraph 32 of the Complaint.

### *D.S. Erickson's Pattern of Obfuscation of Contact Information*

33. Defendant denies paragraph 33 of the Complaint.

### *D.S. Erickson Has to Date Remained Entirely Incommunicado and Appears to Have Abandoned Its State court Action*

### PRELIMINARY MATTERS

### *Article III Standing and Subject-Matter Jurisdiction*

I. ***Spokeo* Does Not Vitiate Standing.**

34. Paragraph 34 is a legal statement to which no response is required; if a response is required, then the allegations are denied as against Defendant.

A. **Concrete Injuries-in-Fact:  Specific Harm Plaintiff Suffered**

35. Defendant denies paragraph 35 of the Complaint.

36. Defendant denies paragraph 36 of the Complaint.

B. **The Violations Here at Issue Invoke the Remedial Purposes of the FDCPA.**

4

37. Defendant denies paragraph 37 of the Complaint.

38. Defendant denies paragraph 38 of the Complaint.

## II. *Rooker-Feldman* Does Not Defeat Subject-Matter Jurisdiction.

39. Paragraph 39 is a legal statement to which no response is required; if a response is required, then the allegations are denied as against Defendant.

40. Paragraph 40 is a legal statement to which no response is required; if a response is required, then the allegations are denied as against Defendant.

41. Paragraph 41 is a legal statement to which no response is required; if a response is required, then the allegations are denied as against Defendant.

### *The FDCPA Applies to Debt Collection Litigation, Though Formal Pleadings Are Exempt from Certain Notice Requirements*

42. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 42 of the Complaint.

43. Defendant denies paragraph 43 of the Complaint.

44. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 44 of the Complaint.

### *Whether a Letter from Trai to Fairview Constitution and Answer in State Court*

45. The transcript referenced in paragraph 45 of the Complaint speaks for itself and, as such, no responsive pleading is required. If a response is required, then Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant admits that Plaintiff's letter constituted an answer and Defendant had no obligation to file the answer.

47. Defendant denies paragraph 47 of the Complaint.

48. Defendant denies paragraph 48 of the Complaint.

49. Defendant denies paragraph 49 of the Complaint.

50. Defendant denies paragraph 50 of the Complaint.

*Whether Trai Waived Affirmative Defenses in State Court*

51. Defendant denies paragraph 51 of the Complaint.

*Vicarious, or Respondeat Superior, Liability*

52. Defendant denies paragraph 52 of the Complaint.

53. Defendant denies paragraph 53 of the Complaint.

*Attorney's Fees*

54. Defendant denies paragraph 54 of the Complaint.

55. The email referenced in paragraph 55 of the Complaint speaks for itself and, as such, no responsive pleading is required.

56. Defendants denies paragraph 56 of the Complaint.

### CAUSE OF ACTION

### COUNT 1
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),
### 15 U.S.C. §§ 1692-1692p

57. Paragraph 57 of the Complaint does not require a response.

*Inadequate or Missing Contact Information*

58. Defendant denies paragraph 58 of the Complaint.

*Lack of, or Inadequate, Review and Due Diligence:  Robo-Signing & Rent-a-License*

59. Paragraph 59 is a legal statement to which no responsive pleading is required; if a response is required, then the allegations are denied as against Defendant.

60. Defendant lacks information or knowledge sufficient to form a belief as to the truth of paragraph 60 of the Complaint.

61. Defendant denies paragraph 61 of the Complaint.

### *False or Misleading Statements*

62. Defendant denies paragraph 62 of the Complaint.

### *Improper Purpose*

63. Defendant denies paragraph 63 of the Complaint.

64. Defendant denies paragraph 64 of the Complaint.

65. Defendant denies paragraph 65 of the Complaint.

### *Violations in Sum*

66. Defendant denies paragraph 66 of the Complaint.

### *No BFE Defense*

67. Defendant denies paragraph 67 of the Complaint.

### *Damages*

68. Defendant denies paragraph 69 of the Complaint.

### COUNT 2
### UNAUTHORIZED PRACTICE OF LAW, MINN. STAT. § 481.02

69. Paragraph 69 of the Complaint does not require a response.

70. Paragraph 70 is a legal statement to which no responsive pleading is required; if a response is required, then the allegations are denied as against Defendant.

71. Defendant denies paragraph 71 of the Complaint.

72. Defendant admits that Mr. Nechalob is not a member of the Minnesota bar.

73. Defendant denies paragraph 73 of the Complaint.

74. Defendant denies paragraph 74 of the Complaint.

75. Defendant denies paragraph 75 of the Complaint.

## COUNT 3
## MINNESOTA'S MINI-FDCPA,
## MINN. STAT. § 332.37 (PROHIBITED PRACTICES)

76. Paragraph 76 of the Complaint does not require a response.

77. Paragraph 77 is a legal statement to which no responsive pleading is required; if a response is required, then the allegations are denied as against Defendant.

78. Defendant denies paragraph 78 of the Complaint.

79. Defendant denies paragraph 79 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Defendant may rely on any or all of the following affirmative defenses with respect to the Complaint:

1. Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

2. Plaintiff's claims are barred by the Statute of Limitations.

3. Plaintiff's claims are barred in whole or in part, and recoverable damages are limited because Plaintiff failed to take reasonable steps to minimize or mitigate their alleged damages.

4. Plaintiff's claims are barred by waiver and estoppel.

5. Plaintiff's Complaint, and each of the claims for relief purportedly stated therein, is barred by Plaintiff's comparative fault, contributory negligence, assumption of risk and/or other conduct.

6. Defendant asserts all affirmative defenses available pursuant to the Fair Debt Collection Practices Act, 15 USC § 1692 et seq, including but not limited to the defense of good faith and bona fide error.

7. Defendant denies that Plaintiff suffered any damage, harm or loss but if they did, such damages were solely the result of Plaintiff's own acts or omissions and not the acts or omissions of Defendant.

8. Defendant reserves the right to assert any other affirmative defenses which may become apparent during investigation, discovery and trial.

WHEREFORE, Defendant respectfully requests that the Court issue an Order granting it the following relief:

1. That Plaintiff takes nothing by his Complaint and that Defendant be awarded judgment of dismissal with prejudice together with the costs and disbursements incurred herein.

2. For such other and further relief as this Court deems just and equitable.

Dated October 8, 2025     By: s/ *Gregory Simpson*
                          M. Gregory Simpson (#204560)
                          Timothy R. Schupp (#130837)
                          Megan K. Seavey (#0402821)
                          Meagher + Geer, P.L.L.P.
                          33 South Sixth Street, Suite 4300
                          Minneapolis, MN  55402
                          Telephone  (612) 338-0661

                      Email:   gsimpson@meagher.com
                                  tschupp@meagher.com
                                  mseavey@meagher.com

***Attorneys for Defendant***