UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Trai Ngoc Nguyen, | Court File No.  25-3339 (JWB/JFD) |
| Plaintiff, | |
| v. | **DEFENDANT D.S. ERICKSON &** |
| | **ASSOCIATES, PLLC'S REPLY** |
| D.S. Erickson & Associates, PLLC, | **MEMORANDUM IN SUPPORT OF** |
| | **MOTION FOR JUDGMENT ON THE** |
| Defendant. | **PLEADINGS** |

Defendant D.S. Erickson & Associates, PLLC submits this reply memorandum of law in support of its motion for judgment on the pleadings.

## ARGUMENT

**I.   PLAINTIFF'S FDCPA CLAIM MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**A.   The alleged misleading representations were not material therefore Defendant did not violate the FDCPA.**

"When evaluating whether a communication is false, deceptive, or misleading, we consider the perspective of an 'unsophisticated consumer.' While this test protects consumers with below average intelligence, it also contains 'an objective element of reasonableness' which precludes liability based on 'bizarre or idiosyncratic interpretations' of collection activity." *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 437 (8th Cir. 2015) (citing *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002)).  "[A] false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated debtor; in other words, it must be material when viewed through the least sophisticated debtor's eyes." *Jensen v. Pressler & Pressler*, 791

F.3d 413, 421 (3rd Cir. 2015). "To violate the statute, a representation must be material, which is to say, it must be 'important in the sense that [it] could objectively affect the least sophisticated consumer's decision making.'" *Id.* (quoting *Elyazidi v. SunTrust Bank*, 780 F.3d 227 (4th Cir. 2015).

### B.   Defendant's summons and complaint was not false, deceptive or misleading and therefore did not violate the FDCPA.

Plaintiff alleges the summons and complaint was misleading because it omits telephone numbers and email addresses of attorneys and relies on "hip-pocket service", arguing that

> As to sophistication, an unsophisticated debtor may not know—Mr. Cobb has confirmed this through may conversations—a suit initiated in Minnesota state court served via hip-pocket service threatens default judgment and a lien on one's real property. Nor may an unsophisticated person understand how to contact creditor's counsel in the absence of required contact information or understand that a false affidavit of service can result in dismissal of the underlying action for insufficiency of service or process, or that this is a waivable defense…

(Opp. Mem. p. 11-12). An unsophisticated or least sophisticated debtor would have had all the information they needed in the summons and complaint in order to respond to it. The summons explicitly states that a default judgment could be entered if Plaintiff does not respond. Plaintiff also argues that "An unsophisticated consumer cannot be expected to know how to contact attorneys who do not want to be contacted, or who—as a matter of policy—proudly evade such contact." (Opp. Mem. p. 14). The summons and complaint did include Defendant's main telephone line and allowed any consumer to reach the signing attorney and staff. Plaintiff does not allege that an unsophisticated debtor could not call that number and reach Defendant's staff. Furthermore, Plaintiff's opposition memorandum

2

provides no authority that violation of Rule 11 (which Defendant denies it violated) violates the FDCPA.

### C. Defendant's service of the summons and complaint was not improper or false, deceptive or misleading in violation of the FDCPA.

Defendant cited *Pierce v. Steven T. Rosso, P.A.*, No. Civ. 01–1244 (DSD–JMM), 2001 WL 34624006 (D. Minn. Dec. 21, 2001) in support of its argument that failure to abide by Minn. R. Civ. P. 4.05 does not constitute an FDCPA violation. Plaintiff argues that *Pierce* is distinguishable because this case contains "multiple" and "more serious" allegations and because it "involves personal service upon an elderly man who never lived at that address…" (Opp. Mem. p. 16-17). Plaintiff does not offer any authority to support his contention or that a failure to abide by Minn. R. Civ. P. 4.05 constitutes an FDCPA violation.

### D. Defendant did not falsely assert that the letter received by Plaintiff was an answer to the summons and complaint in violation of the FDCPA.

Defendant's memorandum argued that it did not foreclose Plaintiff from asserting an insufficiency of service of process defense. Plaintiff's opposition asserts that "Defendant understood the weakness and untenability of its false assertion, and Defendant's decision not to object on the record is consistent with Plaintiff's hypothesis Defendant was hiding from the state court its specious assertion." (Opp. Mem. p. 17). Minn. R. Civ. P. 15.01 states "a party may amend a pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Defendant merely consented to Plaintiff's request to file an answer asserting

3

affirmative defenses which it may due under the rules. Had Defendant not consented, the court likely would have granted leave anyway as Rule 15 is liberally construed.

**E.     Defendant did not make incorrect statements of law or fact to Plaintiff in violation of the FDCPA.**

Plaintiff alleges that Defendant made false/misleading statements in the state court litigation and argues that "it is plainly evident statements made in support of advancing litigation in which one is a party, made to an opposing party or his counsel, are material— else they would not be made, as relevance and materiality are urged upon the consumer or consumer's counsel by the very speakers who later countermand materiality to evade accountability under the FDCPA." Plaintiff's opposition memorandum still merely concludes that the statements by Defendant are incorrect and does not state why he believes they are incorrect.  Even if the alleged statements were incorrect, Plaintiff cites no authority that these alleged statements are violative of the FDCPA. It appears Plaintiff is arguing that extrinsic evidence is needed regarding whether the alleged statements are false. Whether these statements are false is irrelevant because Plaintiff still does not cite to any support that these alleged statements are FDCPA violations.

**II.     PLAINTIFF'S UNAUTHORIZED PRACTICE OF LAW CLAIM MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Plaintiff does not plausibly plead a claim for unauthorized practice of law. Paralegal Vini Mosquera did not hold himself out as an attorney to Plaintiff's counsel, nor does Plaintiff allege that he did, which is required for a violation of unauthorized practice of law under Minn. Stat. § 481.02. He merely expressed the position of Defendant that

Plaintiff's letter response to the complaint was, in substance, an answer sufficient to avoid a default, which is objectively correct. *See Midland Credit Mgmt., Inc. v. Resler*, No. A03-1482, 2004 WL 1152843, at \*3 (Minn. Ct. App. May 25, 2004) ("It was within the district court's discretion to find that respondent's letter answered 'or otherwise defended' against appellant's complaint. We agree that respondent's letter, from a reasonable layman's standpoint, can easily be construed as a defense to the initial complaint.").

Plaintiff cites three cases in support of their argument that unauthorized practice of law violates the FDCPA. In *Marchant v. U.S. Collections, West, Inc.*, 12 F. Supp. 2d 1001 (D. Ariz. 1998), the court found that the signing of a writ of garnishment was practice of law and therefore the U.S. Collections West, Inc. officer, who was not a licensed attorney and signed the writ of garnishment, had violated the unauthorized practice of law statute. The court then found because there was unauthorized practice of law, the writ of garnishment threatened to take an action that could not be legally taken in violation of the FDCPA.

In *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783 (S.D. Ohio 2006), the court found that the collection agency threatened to and did file debt collection lawsuits against class members when defendants had not been assigned the underlying debts in accordance with Ohio Revised Code § 1319.12(C) and in Ohio, a collection agency engages in the unauthorized practice of law when it prosecutes claims in a court of justice on behalf of creditors. The court found an FDCPA violation because a collection agency engages in the unauthorized practice of law when it performs an "action that cannot legally be taken."

In *Withers v. Eveland*, 988 F. Supp. 942 (E.D. Va. 1997) the court found that under Virginia law and the FDCPA, a non-lawyer cannot represent the interests of another before a tribunal or threaten to file suit to collect a debt owed to another and because defendant was not licensed to practice law, by threatening file suit, the defendant threatened to take an action that cannot legally be taken in violation of the FDCPA.

None of the cases cited by Plaintiff are on point here. In this case, Plaintiff's unauthorized practice of law claim is based on Plaintiff's counsel's phone call with Mr. Mosquera. During this call Mr. Mosquera stated "he (Plaintiff) did file a proper answer…" (Compl. Ex. G, at A-85). Plaintiff's counsel responded and said, "I don't see any answer filed." Mr. Mosquera's statement is not authorized practice of law.

Plaintiff argues that more extrinsic evidence is needed regarding his unauthorized practice of law claim including whether Mr. Mosquera was reading from a digital basis, the relationship of Mr. Mosquera with Defendant and the nature of his role. None of this "extrinsic evidence" is relevant because Mr. Mosquera's simple statement to Plaintiff's counsel "he (Plaintiff) did file a proper answer…" is not practice of law.

### III.    PLAINTIFF'S REQUEST FOR LEAVE TO AMEND IF THE COURT GRANT'S DEFENDANT'S MOTION SHOULD BE DENIED.

Plaintiff's opposition takes the position that there are no deficiencies in his Complaint. Plaintiff's opposition does not state how he would amend his Complaint to remedy deficiencies. *See Ellis v. Nike USA, Inc.*, 158 F.4th 932, 937 (8th Cir. 2025); *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 653 (8th Cir. 1998); *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir.

2009) (leave to amend is inappropriate "where the plaintiff has not indicated how it would make the complaint viable"). Therefore, Plaintiff's request for leave to amend the Complaint should be denied.

## CONCLUSION

For the reasons stated herein, Defendant respectfully requests that its motion for judgment on the pleadings be granted.

Dated  March 5, 2026                    By:  *Megan K. Seavey*
                                              M. Gregory Simpson (#204560)
                                              Megan K. Seavey (#0402821)
                                              Meagher + Geer, P.L.L.P.
                                              33 South Sixth Street, Suite 4300
                                              Minneapolis, MN  55402
                                              Telephone  (612) 338-0661
                                              Email:   gsimpson@meagher.com
                                                        tschupp@meagher.com
                                                        mseavey@meagher.com

                                              ***Attorneys for Defendant D.S. Erickson
                                              & Associates, PLLC***